Mary M. GARDNER and Austin T. Gardner

v.

Joseph A. VOGEL, Jr.

Civ. A. No. 29839.

United States District Court
E. D. Pennsylvania.

Dec. 21, 1964.

Harry Norman Ball, Philadelphia, Pa., for plaintiffs.

Max E. Cohen, Charles L. Ford, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Plaintiffs, husband and wife, brought this action to recover for property damage and for personal injuries to the wife plaintiff, as the result of an automobile collision. Trial before a jury resulted in verdicts for both plaintiffs. Presently before us is plaintiffs' motion for a new trial, limited to the issue of damages, on the ground of inadequacy.

The accident occurred on June 11, 1960, on a public highway in the State of Delaware. The wife plainiff was an occupant in the husband plaintiff's automobile, operated by their son. While the automobile was stopped in a line of traffic, an automobile operated by defendant struck it in the rear. The violence of the impact was such that the seat occupied by the wife plaintiff was torn from its supports, and the bolts securing it to the body of the automobile were sheared off. Every hairpin in wife plaintiff's hair was shaken out by the snapping of her head from the force of the collision. Repairs to the automobile cost the husband plaintiff $731.43.

The medical testimony establishes that the wife plaintiff, in addition to bruises and contusions, suffered severe "whiplash" injuries, the effects of which persisted even to the time of the trial, four years after the accident. As a result of the accident, she was hospitalized in September 1960, for more than a week, and again in October 1963, for about a week, undergoing tests, examination, treatment and traction. During the period between the time of the accident and the trial, she underwent innumerable physiotherapy treatments, required considerable sedation and spent much time in traction. During this same period, she was being treated by various physicians in the hope of finding relief. However, she continued under the general care and supervision of her family physician. She has experienced, since the accident, repeated headaches, pains in her neck and shoulder and weakness in her arms, and has been unable fully to perform her household duties, or enjoy the amenities of life.

In addition to his outlay for repairs to his automobile, the husband plaintiff expended $2,068.92 for hospitalization, medical care and attention, medicines and medical supplies on account of wife plain-

tiff's injuries received in the accident,— a total of $2,800.35.

The jury returned a verdict for the wife plaintiff in the sum of $2,000, and for the husband plaintiff in the sum of $3,000. The husband plaintiff thus received less than $200 for loss of consortium.

We agree with the plaintiffs that these verdicts are patently inadequate. The defendant makes light of the wife plaintiff's injuries and speaks of her efforts to obtain relief in a spirit of restrained levity: "There is no doubt that from the time of the accident until the time of trial she attempted every sort of medical treatment she could find except 'bloodletting' and a few other medieval remedies. She went from doctor to doctor, traction to more traction, hospital to hospital and physio-therapist to physiotherapist." We think the damage to the husband plaintiff's automobile, alone, might be sufficient evidence of the severity of the impact which caused the wife plaintiff's injuries and resulted in her present condition.

Defendant's learned counsel also states that "the pattern finally develops of a neurotic, emotionally disturbed woman who has exaggerated her complaints and who is attributing all of her miseries, aches and pains to this accident * * *." He advanced a strikingly similar argument in Alexander v. Knight, 25 Pa.Dist. & C.R.2d 649 (Phila.Co.1961), with reference to a plaintiff who had likewise suffered a whiplash injury in a rear-end automobile collision. We think the Court's language granting a new trial for inadequacy, is equally appropriate here (p. 659):

"We are satisfied that the jury in this case was unable to comprehend or refused to comprehend the fact that hysterical symptomatology does not mean feigning or malingering; that hysterically derived pain is quite real to the patient. A defendant is not relieved of responsibility because his victim is of a neurotic predisposition. A jury, in its wisdom, may well be penurious in its

award, but we could not permit a jury verdict to stand where it represented an apparent misunderstanding as to the nature and reality of injury prolonged by emotional problems; from such misunderstanding came prejudice and error."

See Alexander v. Knight, 197 Pa.Super. 79, 177 A.2d 142 (1962), affirming, per curiam, on the opinion of Judge Waters.

We recognize, of course, that it is not for us to usurp the functions of the jury. However, careful consideration of the evidence persuades us that the verdicts are patently insufficient, and leaves us with the clear conviction that the jury must have been influenced by partiality, passion or prejudice, or by some misconception of the law or the evidence. The grant of a new trial is, therefore, fully justified. Hammaker v. Watts Twp., 71 Pa.Super. 554, 558 (1919). "The power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient," Schwartz v. Jaffe, 324 Pa. 324, 327, 188 A. 295, 296 (1936).

The power to order a new trial as to damages only must be "exercised with caution." Rosa v. City of Chester, Pennsylvania, 278 F.2d 876 (3rd Cir. 1960). The Court went on to state (p. 883):

"Consequently, when a jury's verdict is obviously the result of a compromise on the questions of liability and damages, it is considered unjust to order a new trial on damages only. Southern Ry. Co. v. Madden, 4 Cir., 1956, 235 F.2d 198, certiorari denied 352 U.S. 953, 77 S.Ct. 328, 1 L.Ed.2d 244; see Schuerholz v. Roach, 4 Cir., 1932, 58 F.2d 32, certiorari denied Scheurholz v. Roach, 287 U.S. 623, 53 S.Ct. 78, 77 L.Ed. 541; cf. Gasoline Products Co. v. Champlin Refining Co., [283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188], supra. On the other hand if the error compelling the reversal relates solely to the damage question, the

new trial will be restricted to that question. Thompson v. Camp, 6 Cir., 1948, 167 F.2d 733, certiorari denied 335 U.S. 824, 69 S.Ct. 48, 93 L.Ed. 378."

There was no basis in the evidence for a compromise on the questions of liability and damages. The error compelling a new trial relates solely to the damage question. Nor, in our view, was there any room for a compromise arising out of the damage issue alone. The new trial, therefore, should be limited to the issue of damages.

### ORDER

NOW, December 21st, 1964, it is ordered that:

1. The judgments heretofore entered be, and they are, set aside;

2. Plaintiffs' motion for a new trial limited to the issue of damages be, and it is, granted.