David FEINBERG, Administrator of the Estate of Mark Allen Feinberg, Dec'd.

v.

C. Paily MATHAI et al.

Richard KATZ et al.

v.

C. Paily MATHAI.

Civ. A. Nos. 44370, 44136.

United States District Court,
E. D. Pennsylvania.

July 13, 1973.

Marshal A. Bernstein, Bernstein, Bernstein, Harrison & Kessler, Philadelphia, Pa., for Feinberg.

Francis E. Marshall, Philadelphia, Pa., for Mathai.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for Katz.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is the plaintiff's motion, pursuant to Fed.R. Civ.P. 59(a), for a new trial as to damages only. The defendant resists the motion but by a "conditional motion for a new trial", asks that if the plaintiff should prevail, a new trial on both liability and damages should be granted.

On October 27, 1967, while a passenger on a motorcycle, eighteen year old Mark Feinberg sustained serious personal injuries when the motorcycle on which he was riding collided with an automobile. The injuries he sustained resulted in his death on October 29, 1967.

The motorcycle was owned and operated by Richard Katz, another minor, and was traveling in a westerly direction approaching Wynnefield Avenue on 54th Street in Philadelphia. Defendant Mathai was operating an automobile in an easterly direction on 54th Street. In the process of making a left-hand turn from 54th Street to go North on Wynnefield Avenue, and as the front of Mathai's automobile crossed the center line of 54th Street, the collision occurred. Mark Feinberg was thrown over the Ma-

thai automobile, landing behind it and sustaining serious injuries. There was conflicting evidence as to whether the automobile was stopped or moving slowly. Likewise, the speed of the motorcycle was in issue, there being estimates that it was being driven from 20 to 55 miles per hour. In addition, there was evidence that Richard Katz had his head turned as though talking to his passenger as the motorcycle entered the intersection. The accident occurred at dusk but while it was not yet dark enough for vehicles to use their headlights. Neither Richard Katz nor Mark Feinberg were wearing helmets.

Following the accident Mark Feinberg's father, as Administrator of his deceased· son's estate, instituted wrongful death and survival actions against C. Paily Mathai, the automobile operator. Mathai, in turn, joined Richard Katz as a third-party defendant. A separate action for personal injuries was brought by Richard Katz against Mathai. The two cases were then consolidated.

Pursuant to a request included in the Pretrial Memorandum of counsel for defendant Mathai, this Court entered an Order bifurcating the issues of liability and damages for the purposes of trial. On February 28, 1972 that portion of the trial devoted to the question of liability commenced. On March 2 the jury, answering special interrogatories, found that the operators of each vehicle, both Mathai and Katz, were negligent, and that the negligence of each was a substantial factor in causing the accident. The jury also determined that Mark Feinberg had not assumed the risk of his injuries. In the case of Feinberg v. Mathai, the Court molded the verdict in favor of the plaintiff against Mathai and in favor of Mathai against Katz for contribution. In the case of Katz v. Mathai, the verdict was molded in favor of Mathai.

On March 2, the same day, the issue of damages was tried. On March 3, 1972, the jury assessed damages in the amount of $2,340. Thereafter, the plaintiff filed a timely motion for a new trial limited to the issue of damages. As stated before, the defendant has resisted this motion, but has also filed a "conditional" motion for a new trial on the issues of liability and damages should the plaintiff's motion be granted.

The question before the Court is this: Where the original trial was bifurcated and tried by the same jury on (1) a close as distinguished from a clear question of liability, and (2) damages, and a miscarriage of justice in damage award results, should the Court in its discretion grant an entire new trial?

Rule 59, Fed.R.Civ.P., gives a trial judge ample power to prevent what he considers to be a miscarriage of justice. It is his right, and indeed his duty, to order a new trial if he deems it in the interest of justice to do so. Where, as here, a single jury has passed on all issues, but error has tainted its verdict on one of the issues, it is quite settled that there may be a new trial before a second jury limited to that single issue, provided, however, that the error requiring a new trial has not affected the determination of any other issue. The caution is repeatedly stated in the case law that a new trial on less than all of the issues is not proper unless the issue to be retried is distinct and separate and the error which has crept into one element of the verdict did not in any way affect the determination of any other verdict. Romer v. Baldwin, 317 F.2d 919, 922–923 (3d Cir. 1963); Rosa v. City of Chester, Pennsylvania, 278 F.2d 876 (3d Cir. 1960); Gardner v. Vogel, 237 F.Supp. 119 (E.D.Pa.1964).

The decision to bifurcate at the first trial was based on the close question of liability and in anticipation that a trial on damages might not be required if liability was resolved in plaintiff's favor. The damage aspect was not amicably resolved although discussed following trial on the issue of liability. Again, after the trial, it was extensively discussed

prior to the plaintiff's argument on his motion for a new trial on May 18, 1973.

In the present case, the Court has no way of fathoming what motivated the jury to render such a patently insufficient verdict as to damages. Although the plaintiff contends that the damage verdict was rendered out of passion, prejudice, or a misconception of the law, in the Court's view, it is equally possible that the jury interwove testimony concerning liability over into damages, tainting the verdict with elements of compromise. By the same token, the question of liability was close. If the Court is to conclude that the jury did not take into consideration an element of compromise, then there is little left but to conclude that the jury misunderstood or disobeyed the instructions given it. If that was the case then there is no reason to believe that the jury actually followed the Court's charge on liability.

With careful regard for the rights of both parties, an entire new trial is granted.

It is so ordered.