**LIDDLE, O'CONNOR, FINKELSTEIN & ROBINSON, Plaintiff,**

v.

**James A. MEHLING, Defendant.**

**No. 92 Civ. 7971 (WCC).**

United States District Court, S.D. New York.

Sept. 21, 1994.

Liddle, O'Connor, Finkelstein & Robinson Pro Se; W. Dan Boone, Linda A. Danovitch, New York City, of counsel.

Stief, Waite, Gross, Sagoskin & Gilman, Newtown, PA, for defendant; Clyde W. Waite, of counsel.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiffs have moved under Rule 59(a), F.R.Civ.P. for a new trial on the issue of

---

damages. Their action sought to recover the unpaid balance of $105,523.40 which they had billed defendant for legal services rendered in connection with an arbitration in which defendant unsuccessfully sought an award of severance benefits and other sums allegedly due him in connection with the termination of his employment by County NatWest. The action was tried before a jury commencing November 29, 1993. The jury rendered its verdict on December 1, 1993, awarding plaintiffs $1,000. For the reasons stated below, the motion for a new trial is denied.

Rule 59(a) gives the trial court discretion to order a new trial where the jury's award is "so disproportionately inadequate that to permit it to stand would amount to a clear denial of justice." *Wheatley v. Beetar*, 637 F.2d 863 (2d Cir.1980). However, the Court does not believe that there has been a "clear denial of justice" in this case.

There was evidence, which the jury could reasonably have credited, that defendant came to plaintiffs with a claim against his former employer for severance benefits having an estimated value of $50,000, and that defendants agreed that they would charge no more than $10,000 for their legal services in an arbitration seeking an award of such sum. As plaintiffs became more familiar with the matter, they persuaded defendant to add other claims against his ex-employer, bringing the total amount sought up to $750,000, but defendant testified that he never expressly agreed to raise the $10,000 limit on their time charges. However, he did pay plaintiffs a total of $43,285.40, of which $16,574.80 constituted reimbursement for expenses and $26,710.60 was for legal services. Thus, the jury's award brings the amount paid by defendant for legal services up to a total of $27,710.60 and his total outlay for the losing arbitration up to $44,285.40. The additional amount sought by plaintiffs would bring that total up to $149,808.80.

Although the Court is keenly sympathetic with able attorneys who devote substantial quantities of the only commodity they have to sell, their time, in the zealous pursuit of their clients' interests, only to meet, through no fault of their own, with ultimate defeat, and with non-payment of their reasonable charges for such time, this case is not the Court's to decide unless the jury's decision is a clear affront to justice.

The Court cannot conclude that it is. The jury could reasonably have determined that where a recently unemployed defendant came to plaintiffs with a claim for severance benefits which he valued at $50,000 and they agreed to a limit of $10,000 on the fees he would pay for legal services to pursue that claim, and where plaintiffs persuaded defendant that he had additional claims against his ex-employer that should be pursued (thereby greatly complicating the arbitration but proving totally unproductive), the fair value of the legal services rendered by plaintiffs was $27,710.60, plus disbursements of $16,574.80.

Plaintiffs' motion for a new trial on the issue of damages is accordingly denied.

So ordered.