637 F.2d 863
 Robert WHEATLEY, Plaintiff-Appellant,
v.
Police Officers Robert BEETAR, Robert Jacobsen, Arthur
French, Margaret Cavanagh, Michael Ford, James Silvestri,
William Cooper, Robert Nafis, Louis Gray, Robert Lefferty,
Brian McCormack, Kevin Gorman, Robert Spinello, Detectives
Edward Saleski, Gary Tirelli, Jay Richard, Detective
Sergeants William Wagner, Wessels and Sergeant Donald Hare,
Defendants-Appellees.
 No. 442, Docket 80-7125.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 10, 1980.
Decided Dec. 31, 1980.
 
 Sydney J. Chase, Mineola, N. Y., for plaintiff-appellant.
 Robert O. Boyhan, Deputy County Atty., Nassau County, Mineola, N. Y. (Edward G. McCabe, County Atty., Nassau County, Mineola, N. Y., of counsel), for defendants-appellees.
 Before WATERMAN, MANSFIELD, and VAN GRAAFEILAND, Circuit Judges.
 MANSFIELD, Circuit Judge:
 
 
 1
 In this action under 42 U.S.C. § 1983 for damages against several Nassau County police officers, Robert Wheatley appeals from an order of the District Court for the Eastern District of New York entered by Judge George C. Pratt after a bifurcated jury trial resulted in one verdict finding appellees liable for use of force in violation of his constitutional rights and a second verdict awarding him $1.00 damages. The order appealed from denied his motion for a new trial on damages, leaving in effect the court's December 27, 1979, judgment of $1.00 against the appellees for the force used.[1] We reverse with directions to grant appellant a new trial of the damages issue.
 
 
 2
 Wheatley's action is based on his having been arrested, detained in police custody and subjected to excessive physical force and abuse by the police. The jury, after a six-day trial of the issue of liability, found in Wheatley's favor, concluding that he had been subjected to an unconstitutional arrest and detention by defendant Ford and unconstitutional use of force by appellees Ford, Lafferty, Gorman, Zaleski, Tirelli, Richards and Wagner. The jury's finding of liability was supported by substantial evidence, which included not only Wheatley's own testimony that he was beaten by the appellees but that of a witness who heard the beating and his brother who was prohibited by the police from taking a photograph of Wheatley after the beating. Defendants took no appeal from the jury's finding of liability and do not challenge that verdict on this appeal.
 
 
 3
 The trial of the damages issue took one day, at the end of which the jury returned a verdict awarding Wheatley $800.00 for damages suffered as a proximate result of the unconstitutional arrest and detention and only $1.00 for damages suffered as a result of the beating. The district court had instructed the jury that it could award damages from the sum of $1.00 to such an amount as would compensate appellant for his injuries. Wheatley moved pursuant to Rule 59, F.R.Civ.P. for a new trial of damages, arguing that the jury's award was contrary to the weight of the evidence. On January 17, 1980, the district court denied the motion, concluding that the award fell within the jury's discretion and was not contrary to the weight of the evidence.
 
 
 4
 The evidence showed that at about 9:30 P.M. on August 3, 1977, Wheatley was arrested while hitchhiking on Jericho Turnpike, Nassau County. He was taken to the Third Precinct of the Nassau County Police Department. At about 5:00 A.M. the next morning he was taken to the Nassau County Medical Center for examination. He testified that in the interim he was beaten until he confessed to a burglary which the police suspected he had committed. He was denied the right to call his lawyer until he confessed and only tendered his confession after the physical punishment being inflicted upon him by the five or six interrogating police officers became too much to endure. Specifically, he testified that he was struck repeatedly about the head and neck with a "slapper" a leather case about eight inches long filled with sand or lead, that a police officer stomped down on his bare foot, and that another administered three cupped blows to his ear. It was the pain of this last treatment that led Wheatley to confess. He never signed a written confession. At 4:00 A.M., which was his first opportunity, he reported his beating to the desk officer who noted on a special form a bump on the side of Wheatley's forehead and a slight swelling on the right side of the neck.
 
 
 5
 The jury specifically found that Wheatley had been the victim of an unconstitutional use of force despite testimony from police officers that no force whatsoever had been used. As the jury knew, Wheatley is a heroin addict with a prior criminal record. He is also an epileptic.
 
 DISCUSSION
 
 6
 A denial of a motion for a new trial based on the size of a jury's damage award is reviewable on appeal. Dagnello v. Long Island R.R., 289 F.2d 797 (2d Cir. 1961); 6A Moore's Federal Practice, Par. 5.08(6). But the deference paid by appellate courts to both the jury's factual finding and the district court's assessment is substantial. In Music Research, Inc. v. Vanguard Recording Soc'y, 547 F.2d 192, 195 (2d Cir. 1976), we said:
 
 
 7
 "Vanguard next argues that its Rule 59 motion should have been granted because there was insufficient evidence to support the damage award. The trial court has broad discretion in ruling on the sufficiency of the evidence and we will not set aside a verdict unless there had been an abuse of discretion." Dagnello v. Long Island R.R., 289 F.2d 797, 806 (2d Cir. 1961).
 
 
 8
 Accord, e. g., Porterfield v. Burlington Northern Inc., 534 F.2d 142, 146 (9th Cir. 1976) (same standard applied where the verdict was claimed to be inadequate rather than excessive). The determination of whether there has been an abuse of discretion necessarily involves an examination of the evidence supporting the jury's finding. As the Supreme Court has said, "We read Dagnello ... as requiring the Court of Appeals in applying this standard to make a detailed appraisal of the evidence bearing on damages." Grunenthal v. Long Island R.R., 393 U.S. 156, 159, 89 S.Ct. 331, 333, 21 L.Ed.2d 309 (1968).
 
 
 9
 Reviewing the evidence on damages in this case and drawing all factual inferences in favor of the appellees as we must, we conclude that in light of the jury's verdict on liability the evidence mandates an award of more than nominal damages. It was error to charge the jury that an award of nominal damages was permissible and an abuse of discretion not to set it aside.
 
 
 10
 Wheatley points to three major sources of proof as to his damages his own testimony of the beating and its consequences, the testimony of the examining physician, Dr. Sharfin, and the testimony of a court appointed ear, nose and throat specialist, Dr. Gohil. The damages claimed by Wheatley as a result of the excessive use of force break down into roughly two categories: (1) the pain and suffering endured during the beating itself and the days immediately after it, and (2) the alleged injury to Wheatley's ear and permanent hearing problem he now suffers. The limited record before us indicates that the failure to award damages for the alleged ear injury could rationally be justified. Even accepting this analysis of the evidence, however, the same cannot be said for the rest of Wheatley's injury and suffering.
 
 
 11
 Wheatley claims that a police officer perforated his left ear drum with a cupped-hand blow to the side of the head. Although the perforation itself has now healed, the injury is said to have impaired his high frequency hearing in that ear which in turn causes him to suffer from tenitus, a continuous ringing in the ears. In support of the ear damage claim Wheatley put forward his own testimony as to being struck over the ear, the testimony of Dr. Gohil that the most common cause of traumatic perforation of the ear drum is a slap on the ear, the testimony of Dr. Sharfin that examination of the appellant in the emergency room on the night in question revealed a perforated left ear drum, the hospital report documenting Dr. Sharfin's finding and a report of a hearing test done in 1978 showing a high frequency abnormality in the ear which Dr. Gohil testified was consistent with the ringing Wheatley claimed to experience.
 
 
 12
 However, with respect to this claimed ear damage, there was other evidence casting doubt on appellant's proof. First, as to the claim of tenitus, Dr. Gohil testified that the ringing was a completely subjective symptom. This naturally placed emphasis on appellant's testimony. But his testimony that he had experienced the ringing noise since the date of his beating was impliedly contradicted by his earlier deposition in which he failed to make any mention of this problem. Along this same line, prison medical reports revealed an absence of any tenitus complaint by the appellant. Further, Dr. Gohil testified that the hearing loss and the alleged tenitus could have been caused by any number of things, including fights in which Wheatley had engaged in while in jail or a violent epileptic seizure. In light of this proof, the district court's conclusion that the jury's rejection of the tenitus claim was supportable by the evidence cannot be deemed an abuse of discretion. On the contrary, such a rejection was well within the jury's province.
 
 
 13
 The same is true, though to a lesser extent, with respect to the perforated ear drum itself. As proof of this injury Wheatley offered his testimony as to being struck and the clear testimony and report of Dr. Sharfin to the effect that examination of the ear drum on the night in question revealed a hole and that this was treated, as was usually the case, with antibiotics. Nothing contradicted Dr. Sharfin's testimony that there was such a hole. Instead, the appellees attack the proof of causality. They note that Dr. Sharfin made no finding as to when this perforation occurred or how it occurred. In support of their argument that the perforation was attributable to causes other than the beating, they point to Dr. Gohil's testimony that traumatic perforations of the ear would, within 24 to 48 hours, be likely to be accompanied by some fresh bleeding. There was no notation of any bleeding in Dr. Sharfin's report. Thus, there was evidence from which a rational jury could conceivably have concluded that the injury was not caused by the police.
 
 
 14
 However, the jury's rejection of Wheatley's other damages, namely the pain and suffering of the actual beating itself, is unsupportable. Wheatley's testimony detailing his beating was corroborated by that of his girl friend who heard it and by his brother who saw him immediately afterwards. This evidence in turn was confirmed in two different ways.
 
 
 15
 First, Dr. Sharfin testified that of all the patients he saw that year in the emergency room, there were only a few he could presently remember, of whom Wheatley was one. His examination revealed that in addition to the hole in the ear drum, there were two fresh welts in different places on Wheatley's neck and one on his side. These welts, according to the doctor's testimony, could have been caused by blows from just the type of "slapper" with which Wheatley said he was hit. At the close of his direct examination, Dr. Sharfin testified that he had reached an opinion with a reasonable degree of medical certainty that Wheatley had been beaten. (Trans. at 2.18). The jury would have had to disregard this testimony in order to conclude that appellant had not been injured. We cannot agree with the appellees' contention that it could rationally have done so. Nothing contradicted Dr. Sharfin's observations with respect to the beating marks. Appellees' argument that the jury could have found that the welts were sustained during the pursuit of Wheatley which the police claimed took place is so completely lacking in any evidentiary support as to require rejection out of hand. The only direct evidence, indeed the only evidence at all, was that the welts were the result of the beating. On the record the award of $1.00 is so disproportionately inadequate that to permit it to stand would amount to a clear denial of justice, Dagnello v. Long Island R.R., supra, 289 F.2d at 806, and it was error to instruct the jury that it might render such a verdict.
 
 
 16
 Second, Wheatley's claim that he was beaten is conclusively supported by the jury's verdict on liability. The same jury made a specific finding that Wheatley had been the victim of an unconstitutional use of force. To do so, it must have believed that some of the beating claimed by Wheatley was actually inflicted. Otherwise it would have returned a verdict for the defendants on liability. Once liability was established by the first verdict, Wheatley was entitled, even if the jury found that there were no lasting effects, to be compensated for the immediate pain and humiliation suffered. The award of $1.00 nominal damages was inconsistent with the jury's express finding that excessive force had been used against Wheatley and with the uncontroverted evidence that the beating was serious enough to raise welts on his neck. Had the jury not rendered an earlier separate verdict finding the defendants liable, one might surmise that the $1.00 award was a compromise on the disputed issue of liability. But on this record we can only infer that, although the jury believed that Wheatley had been beaten, when it came time to award damages it acted on the basis of impermissible considerations, such as an unwillingness to give money to an admitted heroin addict and thief. Despite appellant's character and criminal record, however, he was entitled to be justly compensated for the physical abuse he received. It is clear that at least some actual injury was suffered, cf., Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) (in the absence of any proof of actual injury from the constitutional violation found, nominal damages will be appropriate relief in 42 U.S.C. § 1983 actions), and a new trial on the issue of damages resulting from the use of force is thus required.
 
 
 17
 The new trial on damages in this case will necessarily require introduction of some of the evidence which came in during the liability stage of the first trial. But that fact does not give this court power or reason to reverse sua sponte the separate finding of liability which was amply supported by the evidence and unchallenged by the defendants. If the trial had not been bifurcated a remand for retrial of the entire case might be permissible on the theory that the jury erred or compromised on liability. See, e. g., Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933). Here, however, the jury found liability before it ever went on to the separate trial of the damages issue. Where "liability was established ... (and) the damages were undoubtedly more than nominal, the plaintiff would be entitled to a new trial limited to the issue of damages," 6A Moore's, Federal Practice, Par. 59.08(6), n.50. As has been said in connection with a district court's grant of a new trial in a case decided on interrogatories:
 
 
 18
 "Defendant, here, has had a fair trial on the issue of liability and it would be ... grossly unfair to plaintiff, as well as contrary to the spirit of F.R. 59, to require a retrial of the question of defendant's culpability which has already been decided by the jury in plaintiff's favor. Moreover ... a grave injustice would occur to a plaintiff if, having submitted the question of liability to a jury, and having obtained a favorable verdict, a plaintiff should be compelled to risk another trial, with a possibility of an adverse verdict, solely because a jury failed to take into consideration all of the elements of damage as clearly instructed by the Court." Yates v. Dann, 11 F.R.D. 386, 394 (D.Del.1951).
 
 
 19
 We should not take appellant's liability verdict away from him merely to correct an unjustly inadequate award of damages that could not have been the product of a compromise. Nor do we have to do so in order to give the defendants a fair retrial. On the issue of damages they may repeat their denials that they engaged in the use of force. The jury, however, must be instructed to accept as fact that some force was used against Wheatley, that the defendant's liability has already been determined and that an award of compensatory damages is required. The jury's task will be to determine the extent of the force used against Wheatley and the injury or suffering resulting from it and then to compensate him accordingly.
 
 
 20
 This case is therefore remanded for proceedings consistent with this opinion.
 
 VAN GRAAFEILAND, Circuit Judge (dissenting):
 
 21
 In Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931), the Court laid down the general rule that a partial new trial should not be ordered unless "the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." The Court then held that because the question of damages in that case was so interwoven with that of liability, the damage issue could not be retried alone "without confusion and uncertainty, which would amount to a denial of a fair trial." Id.
 
 
 22
 This rule has, of course, been followed in the lower federal courts, including our own. See, e. g., Richardson v. Communication Workers of America, 530 F.2d 126, 130 (8th Cir.), cert. denied, 429 U.S. 824, 97 S.Ct. 77, 50 L.Ed.2d 86 (1976); Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc., 513 F.2d 407, 419-22 (D.C.Cir.1975); Caskey v. Village of Wayland, 375 F.2d 1004, 1009-10 (2d Cir. 1967); United Airlines, Inc. v. Wiener, 286 F.2d 302, 306 (9th Cir.), cert. denied, 366 U.S. 924, 81 S.Ct. 1352, 6 L.Ed.2d 384 (1961); Atlantic Coast Line R.R. v. Bennett, 251 F.2d 934, 938-39 (4th Cir. 1958); Smyth Sales Inc. v. Petroleum Heat & Power Co., 141 F.2d 41, 44-45 (3d Cir. 1944). Because I believe that the majority have departed from it, I respectfully dissent.
 
 
 23
 This is not a case in which the issues of liability and damages are distinct and separate. The proof upon which the finding of liability rests is also the foundation for the award of damages. There is no way in which the jury on retrial can fairly weigh plaintiff's claim of injuries without reexamining the force which gave rise to liability in the first instance.
 
 
 24
 The majority say that on the issue of damages the defendants "may repeat their denials that they engaged in the use of force." If the defendants do this, their testimony promptly will be branded with the lie by the court's instructions that the jury must find that the defendants had used force.
 
 
 25
 Should the jury inquire of the judge what force they must find that the defendants used, the judge will only be able to tell them that he doesn't know. Nonetheless, the jury will have to commence its deliberations by accepting as a fact this indefinable finding of another jury that some force was used. Although the first jury's definition of "some force" may be completely different from the definition that the second jury attributes to it, the second jury's assumption as to what the first jury found will be as binding on the defendants as if the second jury itself had made the finding. This is no way to try a law suit. See Franchi Construction Co. v. Combined Insurance Co., 580 F.2d 1, 6-8 (1st Cir. 1978).
 
 
 26
 There is another reason why the retrial should not be limited to the issue of damages. The $1.00 award, which the majority find to be at complete variance to the proof, indicates either misunderstanding or impropriety on the part of the jury. See Ajax Hardware Manufacturing Corp. v. Industrial Plants Corp., 569 F.2d 181, 184-85 (2d Cir. 1977); Hatfield v. Seaboard Air Line R.R., 396 F.2d 721, 723-24 (5th Cir. 1968). Because the issues of liability and damages are so intertwined, the bifurcation of the trial cannot be said to have preserved the liability issue from taint. See Vizzini v. Ford Motor Co., 569 F.2d 754, 759-62 (3d Cir. 1977); Feinberg v. Mathai, 60 F.R.D. 69, 70-71 (E.D.Pa.1973). See also Hatfield v. Seaboard Air Line R.R., supra, 396 F.2d 721 (award of $1.00 led to a new trial on all issues although the liability award was supported by special interrogatories). Where, as here, "the irrationality of the jury's award ... is such that even speculation as to why it acted as it did is unrewarding, the proper course is to have a new trial on all issues, rather than one limited to the question of damages." Lester v. Dunn, 475 F.2d 983, 987 (D.C.Cir.1973).
 
 
 27
 Neither side challenges the award of $800.00 for appellant's unlawful arrest.[1] There is no need therefore to retry this issue. However, I believe that defendants will be severely prejudiced if the issue of unlawful force is not retried in its entirety so that a new jury may determine, on the basis of the evidence before it, how much force, if any, was used by each of the defendants and what injuries, if any, resulted. This Court has the authority to so condition the grant of appellant's motion for a new trial on the issue of damages. Id. I believe that is what should be done.
 
 
 
 [1]
 Although the issue on appeal is whether a new trial should have been ordered, technically appellant's notice of appeal should have been from the December 27 final judgment, not the January 17 order. However, "appellate courts may consider an appeal of only the denial of a Rule 59 motion as harmless error and treat the appeal as being from the underlying judgment when such an appeal would be timely." Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 701 (2d Cir. 1972); accord, e. g., Hennessy v. Schmidt, 583 F.2d 302 (7th Cir. 1978). The appeal was timely here. Further, there is no prejudice to the appellees. Accordingly we conclude that the filing of a notice of appeal from the order rather than from the underlying judgment was harmless error
 
 
 [1]
 The apparent adequacy of the award for unlawful arrest raises a question about the majority's assertion that the jury was unwilling to give money to an admitted heroin addict and thief