**Albert J. PATTI, Plaintiff,**

v.

**HELLENIC LINES, LTD., Defendant.**

**No. 77 Civ. 3523 (KTD).**

United States District Court,
S. D. New York.

Jan. 26, 1981.

not be applied retroactively in these cases. *See Simonson v. International Bank*, 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964).

Zimmerman & Zimmerman, New York City, for plaintiff; Martin Lassoff, New York City, of counsel.

Zock, Petrie, Reid & Curtin, New York City, for defendant; R. Alexander Hulten, and Edwin K. Reid, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

In this action to recover damages due to injuries caused by the defendant's negligence, the plaintiff, Albert J. Patti, moves to set aside a jury award as inadequate and requests a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

Albert J. Patti is a longshoreman who was seriously injured while working in the lower hold of a ship owned by Hellenic Lines, Ltd. [hereinafter "Hellenic Lines"]. Hellenic Lines, acting as stevedore, hired Mr. Patti to unload a cargo of coffee. Hellenic Lines supplied and directed the outpost stevedore to use a rope netting to separate different types of cargo in the hatch of the ship. Mr. Patti testified at trial that he caught his foot in this separation netting while lifting a bag of coffee and thereby sustained a back injury.

Mr. Patti brought this action against Hellenic Lines to recover wages lost between the date of the accident and March 10, 1978, the day he returned to work, and to recover damages for pain and suffering. After a seven day trial, the jury found the defendant negligent in failing to supply a reasonably safe place to work and awarded damages to the plaintiff in the amount of $10,000.

On its Rule 59 motion, plaintiff argues that the jury's damage award is so inadequate as to shock the conscience of this Court. Defendant is silent regarding the jury's finding on liability, but asserts that there exists sufficient evidence to support the jury's arrival at a damage award of $10,000. Defendant argues that there exists evidence of plaintiff's contributory negligence and that expert medical testimony showed that plaintiff was able to work nine months after the injury instead of approximately 18 months later as alleged by the plaintiff.

It is clear from the evidence at trial that the plaintiff has suffered grievous injuries caused by what amounts to the gross negligence of the defendant. There does exist a discrepancy in the expert medical testimony regarding the time at which Mr. Patti was fit to return to work. There can be no dispute, however, that Mr. Patti suffered a serious back injury. All of the medical experts at trial agreed to this and, indeed, one of plaintiff's experts, Dr. Olson, found that Mr. Patti was so disabled by the injuries that physio therapy was required, and further stated that Mr. Patti should not have returned to work at all.

■ The substantial cause of these injuries was, according to the evidence at trial, the defendant's use of rope netting to separate cargos of coffee. The use of such netting can only be viewed as a disregard of the duty to provide a reasonably safe place to work. I recognize that the jury may have found that Mr. Patti's own carelessness contributed to his injuries and therefore they reduced an award based on lost wages. (See Defendant's Memorandum, p. 6). There is no reasonable explanation for this award, however, in light of plaintiff's obvious pain and suffering resulting from his injuries. It is apparent that the award did not in any way account for this pain and suffering.

■ I have been vested with the discretionary power to set aside a verdict if the damage award is inadequate. *See Wheatley v. Police Officers Beetar et al.*, 637 F.2d 863, 865 (2d Cir. 1980); 6A Moore's Federal Practice ¶ 59.08[6]. In eight years on the bench, this is the second time I have been outraged by a jury's verdict. It is entirely inadequate.

The plaintiff's motion for a new trial is granted.

SO ORDERED.