**Roger DILLENBECK, Plaintiff,**

v.

**John HAYES, Deputy for Montgomery County Sheriff's Dept., William Levindowski, Desk Sergeant, Sheriff Emery (Ronald), and Montgomery County, Defendants.**

**No. 90–CV–758.**

United States District Court, N.D. New York.

Sept. 20, 1993.

Richard L. Baumgarten and Associates Buffalo, NY (Richard L. Baumgarten, of

counsel), Eugene Z. Grenz, Albany, NY, for plaintiff.

McKee and Moore, Amsterdam, NY (William E. Moore, of counsel), for defendants.

## MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION.

Presently before this court is plaintiff's application for attorneys' fees pursuant to 42 U.S.C. § 1988. The application is made on behalf of the plaintiff by his attorneys. Attorney Richard L. Baumgarten has requested $14,910.00 in fees; attorney Eugene Z. Grenz has requested $13,573.00 in fees, plus $618.50 in expenses. The total request for attorneys' fees and expenses is $29,101.50. This is based upon 147 hours for attorney Baumgarten, and 90.5 hours for attorney Grenz; for a total of 237.5 hours at a rate of between $75.00 to $150.00 per hour.

### II. BACKGROUND.

The plaintiff filed his complaint on July 6, 1990, pursuant to 42 U.S.C. § 1983 alleging that the defendant violated his rights under the Eighth and Fourteenth Amendments. Specifically, the plaintiff claims that while he was at the Montgomery County Jail pursuant to a parole violation warrant, he was subjected to cruel and unusual punishment when deputy sheriffs allowed a K–9 patrol dog to attack him. The plaintiff requested compensatory damages in the sum of $900,000. His complaint did not seek punitive damages against any of the defendants.

Attorney Baumgarten was retained by the defendant on November 20, 1990. On March 29, 1992, he retained attorney Grenz as trial counsel.

The case was tried before a jury in Albany, New York, on July 21, and 22, 1993. Prior to selection of the jury, the action was dismissed by motion as against the defendants Ronald Emery, Montgomery County Sheriff, and the County of Montgomery. The jury returned a verdict in favor of the defendant, Deputy John Hayes, and against the defendant, Sergeant William Levindowski. The jury awarded nominal damages in the sum of One Dollar ($1.00). No motions or appeal followed the verdict.

### III. DISCUSSION.

The threshold determination which must be made is whether plaintiff is a "prevailing party". Plaintiffs may be considered a "prevailing party" for attorney fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). The Second Circuit has recently stated that "success may be assessed by examining whether [plaintiff] can point to a resolution of the dispute which changes the legal relationship between [him] and the defendant." *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir.1991) (*citing Texas State Teacher's Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 793, 109 S.Ct. 1486, 1494, 103 L.Ed.2d 866 (1989)). In its most recent pronouncement on the issue of attorney's fees under § 1988, the Supreme Court held that a party who recovers $1.00 in nominal damages is considered a "prevailing party". *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Therefore, plaintiff is a "prevailing party" under § 1988.

However, the court in *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939, stated that a finding that a plaintiff is a "prevailing party" simply brings the plaintiff "across the statutory threshold." The applicable statute, 42 U.S.C. § 1988, provides that the court "may" award "reasonable attorney's fees" to the "prevailing party". Once the statutory threshold is crossed, the court must then consider the reasonableness of a fee award. The determination of what constitutes a reasonable fee depends upon an analysis of twelve different factors bearing on the reasonableness of the number of hours expended and the reasonableness of the attorney's hourly rate. *See City of Riverside v. Rivera*, 477 U.S. 561, 568 n. 3, 106 S.Ct. 2686, 2691 n. 3, 91 L.Ed.2d 466 (1986). However, the court in *Farrar* held that a "court may lawfully award low fees or no fees without reciting the twelve factors bearing on reasonableness ... or multiplying the number of hours reasonably expended by a reasonable hourly rate." *Farrar*, —— U.S. at ——, 113 S.Ct. at 575.

The fact that plaintiff recovers only nominal damages does not, in and of itself,

justify awarding low fees or no fees at all. "Every nominal damage award has as its basis of finding of liability, but obviously many such victories are [p]yrrhic ones.[1] ..." *Id.* at ——, 113 S.Ct. at 578 (O'Connor J., Concurring) (*quoting Lawrence v. Hinton,* 20 Fed.R.Serv.3d 934, 937, 1991 WL 125471 (4th Cir.1991)). Section 1988 "is a tool that insures the vindication of important rights, even when large sums of money are not at stake, making attorney fees available under a private attorney general theory." *Id.* In making a determination of the appropriate fee, the key comparison is between the relief sought and the relief recovered. *Id.* at ——, 113 S.Ct. at 574 (*quoting Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941) (" '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' ") In *Farrar,* the Court held that since the plaintiff sought Seventeen Million Dollars in compensatory damages and recovered only $1.00 in nominal damages, the appropriate fee was no fee at all.

In this case, the court is of the opinion that an award of no fee would be inappropriate because the plaintiff's attorneys have expended time and effort which achieved a result that changed the legal relationship between the parties. Moreover, the result of the suit established that it is unconstitutional under normal jail conditions for the K–9 patrol to be called in to assist in controlling one inmate who fails to get off of a telephone. However, because of a number of other factors which are set forth below, the court must only award a low fee "without ... multiplying the reasonable hours expended by a reasonable hourly rate." *Farrar,* —— U.S. at ——, 113 S.Ct. at 575.

First, there were many duplicate and unnecessary efforts performed by the attorneys which could never be allowed. "There is no per se rule against the use of multiple attorneys, however, and the court is given considerable latitude in determining the reasonableness of the utilization of co-counsel." *Macko v. General Motors Corp., Fisher Body Division,* 1988 WL 73446, *2 (N.D.N.Y. July 2, 1988). In exercising that discretion, the court must make an "assessment of what is

appropriate for the scope and complexity of the particular litigation." *New York State Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983). Although this was not a complex case, it was certainly appropriate for counsel in Buffalo to retain trial counsel in Albany for a case in this District. However, after retaining trial counsel, the attorney continued to make numerous trips from Buffalo to Great Meadow Correctional Facility, a distance of 360 miles, whereas trial counsel could have visited the plaintiff with a minimum of effort. In addition, both counsel submitted time for preparation of pretrial documents, and both counsel attended the trial. The trial did not require two counsel for the plaintiff, especially in view of the expertise of attorney Grenz.

Secondly, neither counsel ever moved to amend the complaint to assert punitive damages. The jury obviously concluded that defendant Levindowski, the desk sergeant at the jail, violated the plaintiff's constitutional rights to be free from cruel and unusual punishment by calling in the K–9 patrol to quell a very minor disturbance. However, quite correctly, the jury concluded that the plaintiff sustained no actual damages as the result of the activity of defendant Levindowski. By their verdict in exonerating defendant Hayes, the handler of the K–9 named "Ben", the jury demonstrated that any actual personal injuries received by the plaintiff were the result of his own activities in not obeying orders by struggling and taking a swing at defendant Hayes in the presence of his K–9. Under such circumstances, the jury might very well have been inclined to award punitive damages against defendant Levindowski, but were denied this opportunity because they were never alleged in the complaint; nor did the plaintiff's attorneys ever make any request to amend the complaint. In fact, the plaintiff's attorneys both seemed unaware of the fact that punitive damages were not claimed in the complaint until after the plaintiff rested.

Third, the court is aware that the defendants made an offer of $5,000 to settle immediately prior to trial. This offer was summarily rejected by plaintiff's attorneys. If it had been accepted, this offer would have

---

1. A pyrrhic victory is a victory that is offset by staggering losses.

resulted in actual monetary benefit to the plaintiff.

Fourth, as noted above, the plaintiff's demand was $900,000, but he received a verdict of only $1.00.

Fifth, the plaintiff clearly did not prevail against three of the four defendants. The action against two of the defendants was dismissed prior to trial, and the jury exonerated defendant Hayes.

Based on all of the above, the court will only award a lower fee to the plaintiff's attorneys. *Farrar,* —— U.S. at ——, 113 S.Ct. at 575.

### V. *CONCLUSION.*

Accordingly, it is ORDERED that defendant William Levindowski pay the plaintiff $1500 for attorney fees and $618.50 in expenses, for a total of $2,118.50; and the clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.