Keith HAYWOOD, Plaintiff,

v.

Richard KOEHLER, Captain Garcia, Captain Smalls, Defendants.

No. 89 Civ. 5499 (JGK).

United States District Court, S.D. New York.

May 10, 1995.

Fried, Frank, Harris, Shriver & Jacobson by Ira S. Sacks, Stuart M. Altman, Sara Beth Leppo, New York City, for plaintiff.

Paul A. Crotty, Corp. Counsel of the City of New York by Masako C. Shiono, Andrea Moss, New York City, for defendant.

## OPINION & ORDER

KOELTL, District Judge:

This action pursuant to 42 U.S.C. § 1983 arises out of a disruption at the Bronx House

of Detention on July 31, 1989. The plaintiff, Keith Haywood, who was a pretrial detainee at the facility, charged defendants Captain Gonzalo Garcia and Captain Edward Small with using excessive force against him. The plaintiff also asserted a claim against Richard Koehler in his official capacity as Commissioner of the New York City Department of Correction, pursuant to the municipal liability doctrine of *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), alleging the department's failure to adequately train officers on the proper use of force.

The evidence at trial showed that on July 31, 1989, at approximately 5:15 p.m., there was a disturbance at the Bronx House of Detention where the plaintiff was incarcerated. The disturbance began when Captain Charles Coles attempted to give inmate Jesus Fernandez a notice of disposition indicating that he was to receive punitive segregation. Fernandez reached through the bars separating him from Captain Coles, grabbed the notice, and threw it in the air. He then began screaming and yelling and throwing hot water. Tr. 493–95, 317, 71. Captain Coles radioed for assistance and Captain Garcia and two other officers responded to the call. Tr. 495–96, 310–13. Fernandez ran into the day-room, a recreational area for the inmates, when guards approached him. Tr. 74, 496–97. Other prisoners in the day-room, including the plaintiff, became involved in the incident. There was evidence that the inmates refused to follow an order to "lock-in" their cells, Tr. 75–76, 322–23, and that a second wave of guards then arrived. Tr. 500, 315, 325, 76.

Seeking to maintain order, the guards ordered the inmates to stand against the walls of the day-room with a guard facing each inmate while holding a baton horizontal at chest level. Tr. 324–25, 77–78. Captain Garcia testified that during this situation Haywood came at him with part of a broom and that Haywood punched him as he attempted to wrest the broom from him. Captain Garcia acknowledged striking Haywood's arm once with his riot baton and also striking out at him with his fists, all in self-defense. He testified that Haywood then kicked him in the groin, causing him to fall to the floor. Tr. 326–29.

Haywood told a very different story about his altercation with Captain Garcia. He testified that he was only trying to make peace in the day-room and that, apparently unprovoked, Captain Garcia hit him in the head with a riot baton. Tr. 79. He also testified that after he left the day-room, while being escorted down the corridor to receive medical attention for the injury inflicted by Captain Garcia, he was hit with a baton in the mouth by Captain Small and that the two of them fell to the ground grappling with each other. Tr. 82–83. Haywood alleged that he was then put in a cell where Captain Garcia proceeded to knock him down, kick, and punch him. Tr. 83–85. Captain Garcia denied the existence of any such incident in a cell and the original complaint in this action did not allege one.

After a four day trial, a jury returned a special verdict solely against defendant Captain Gonzalo Garcia on the plaintiff's claim of unconstitutional use of excessive force, but awarded only nominal damages. The jury declined to award punitive damages and did not find liability on the part of Captain Small and the Department of Correction. The plaintiff now moves for attorney's fees and a new trial on damages pursuant to Federal Rule of Civil Procedure 59(a) on the ground that the jury's failure to award compensatory damages was an abuse of discretion.

## I.

The Court of Appeals for the Second Circuit has declared that a motion for a new trial is "committed to the sound discretion of the trial judge." *Fiacco v. City of Rensselaer*, 783 F.2d 319, 332 (1986) (citations omitted), *cert. denied*, 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987). A motion for a new trial is only to be granted when, "in the opinion of the district court, 'the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice.'" *Song v. Ives Labs.*, 957 F.2d 1041, 1047 (2d Cir.1992) (citing *Smith v. Lightning Bolt Productions, Inc.*, 861 F.2d 363, 370 (2d Cir. 1988)). Under this standard, the court is free to weigh the evidence itself and may

order a new trial even if there is substantial evidence to support the jury's verdict. *Id.* However, "[i]t is well settled that a trial judge's disagreement with the jury's verdict is not sufficient reason to grant a new trial." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir.1983) (citations omitted); *see also, Bevevino v. Saydjari*, 574 F.2d 676, 684–85 (2d Cir.1978).

■ In this case, the plaintiff argues that the jury's award of nominal damages of $1 [1] is against the weight of the evidence, is seriously erroneous, and constitutes a miscarriage of justice given the jury's finding that Captain Garcia violated the plaintiff's right to be free from excessive force. The plaintiff argues that once the jury found Captain Garcia liable for using excessive force against the plaintiff, it was obligated to find that he was actually injured in some compensable amount. In the circumstances of this case, however, the jury could well have concluded that the injuries sustained by Haywood were the result of the use of justified force by Captain Garcia in attempting to quell a near riot condition and that while Captain Garcia also used excessive force, that use of force was not the cause of any compensable injury.

In *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994), the Court of Appeals for the Second Circuit held that a jury finding of excessive force does not, as a matter of law, require a finding of compensable injury. In *Gibeau*, a jury found that a defendant had used excessive force against the prisoner plaintiff, but that the use of excessive force had not caused any injury to him. Gibeau sought judgment as a matter of law on the ground that he was entitled to some measure of compensatory damages on account of the finding of liability. The district court denied the motion. The Court of Appeals for the Second Circuit upheld the denial, finding that drawing all inferences in the defendant's favor as required on a motion for judgment as a matter of law,[2] a jury could have found that Gibeau failed to establish that his physical injuries were caused by the liable defendant's use of excessive force.

In *Gibeau*, the evidence showed that the liable defendant struck the plaintiff three times in the head with a six-inch long, one-half-inch diameter flashlight. The Court of Appeals found that a cut over Gibeau's eye could have been caused by another correction officer rather than by the defendant. The court also concluded that:

> It is possible that the jury considered only the last blow to be excessive, and it may have concluded that the head contusion was caused by the first blow. More likely, the jury may well have concluded that, given the size of the flashlight, the striking by Lytle was unnecessary but did not cause any physical injury to Gibeau.

*Id.* at 110.

In this case, the plaintiff argues that a new trial is required on the issue of damages, because of the strength of the evidence corroborating his claim that he was hit on the side of the head with a riot baton by Captain Garcia and was punched and kicked by him while handcuffed in a cell. Tr. 79, 84. He claims that the jury could not have reasonably found that he suffered no actual, compensable injury once it had determined that Captain Garcia was liable for using unconstitutional excessive force. The plaintiff argues that this position is supported by the facts that it is undisputed that he was admitted the night of the incident to Bellevue hospital where he received sutures in his ear and that the doctor that treated him testified that his wound was consistent with a blow to the side of the head with a stick. Tr. 35.

In short, the plaintiff argues that because he suffered an actual injury, nominal damages are improper and an award of compensatory damages of some amount is required to compensate him. As in *Gibeau*, however, the fact that the plaintiff was undeniably injured does not mean that each or any of

---

1. The jury was instructed that: "If you find that the plaintiff has suffered no injury as a result of defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar."

2. A motion for a new trial differs from a motion for judgment n.o.v., because "[u]nlike a judgment n.o.v., a new trial may be granted even if there is substantial evidence to support the jury's verdict." *Song*, 957 F.2d at 1047 (citation omitted).

the plaintiff's injuries was caused by an unconstitutional use of excessive force. *See Gibeau*, 18 F.3d at 110. The fact that Haywood was injured during the events surrounding Garcia's use of excessive force does not in any way satisfy the plaintiff's burden of proving that the use of excessive of force caused him injury, nor does it shift that burden to the defendant. As *Gibeau* makes clear, a finding of excessive use of force is not equivalent to a finding of a compensable injury.

The evidence does not support a conclusion that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice. The jury could have concluded, consistent with the weight of the evidence, that the force used against Haywood that caused his injuries, particularly the cut to the face and ear which was the medically evidenced injury, was caused by a justifiable and not an excessive use of force. The jury could reasonably have concluded that those injuries occurred when Captain Garcia attempted to ward off Haywood and that he hit Haywood in the head with the baton in the course of their struggle and not simply on the arm as he recalled. The jury could well have discounted Haywood's version of events, that Captain Garcia, completely unprovoked, simply hit him in the head with the baton. The jury could have further concluded that Captain Garcia, after injuring Haywood's ear using justified force, went too far in his struggle with Haywood and thereby used excessive force. As in *Gibeau*, the jury could well have found that while the initial blow which actually caused the injury was not excessive force, Captain Garcia unnecessarily prolonged the confrontation by continuing to hit Haywood. The jury could also have concluded that since the primary injury had already occurred, the subsequent blow or blows, while excessive, did not produce any compensable injury.

Similarly, the jury could have believed that any actual and compensable injury occurred to Haywood in the day-room, but that that injury did not result from the use of excessive force and that the use of excessive force occurred elsewhere. The evidence indicates that Haywood left the day-room bleeding and was being taken for medical attention. Tr. 81. If the jury believed that Captain Garcia kicked and hit Haywood in a cell after he was escorted from the day-room, the jury could reasonably have concluded that that use of force was excessive and unprovoked but that the plaintiff had proved no compensable damages from the incident. The plaintiff did not even attempt to present any evidence of any actual injury he sustained in the cell, and he did not even refer to that incident in his original complaint. The jury may have reasoned that the plaintiff sustained a noncompensable injury in the cell, because he would have included the injury in his original complaint if it had been compensable.

The plaintiff's reliance on *Brooks v. Brattleboro Memorial Hosp.*, 958 F.2d 525 (2d Cir.1992), is misplaced. There, a jury found that the defendants' negligence in providing medical treatment to the plaintiff caused the plaintiff to incur medical expenses. The Court of Appeals reversed the district court's denial of a motion for a new trial on damages, holding that it was "irreconcilably inconsistent" for the jury to have awarded zero damages for contemporaneous and undisputed pain and suffering associated with the incurrence of the medical expenses. *Id.* at 530.

The plaintiff's reliance on *Patti v. Hellenic Lines, Ltd.*, 506 F.Supp. 568 (S.D.N.Y.1981), is similarly misplaced. In that case, the court found that a compensatory damage award providing compensation for lost wages and pain and suffering was inadequate. The award did not compensate for pain and suffering despite the fact that it was "clear from the evidence at trial that the plaintiff ... suffered grievous injuries caused by what amounts to the gross negligence of the defendant." *Patti*, 506 F.Supp. at 569. In this case, the evidence does not indicate that the injuries that Haywood proved were the result of the use of excessive force.

Finally, *Wheatley v. Beetar*, 637 F.2d 863 (2d Cir.1980), is not, as the plaintiff argues, dispositive. In *Wheatley*, the plaintiff alleged that he was beaten by several police officers solely for the purpose of forcing a confession from him. The jury specifically found that Wheatley had been subject to an

unconstitutional use of force, but awarded only nominal damages. The Court of Appeals reversed the district court's denial of a motion for a new trial and ordered a new trial on the issue of damages only. The court's holding was conditioned on the fact that it was clear from the evidence that the excessive use of force caused compensable injuries:

> The award of $1.00 nominal damages was inconsistent with the jury's express finding that excessive force had been used against Wheatley and with the uncontroverted evidence that the beating was serious enough to raise welts on his neck.

*Wheatley*, 637 F.2d at 867.

In *Wheatley*, the officers testified that they did not use *any* force against the plaintiff. It was thus inconsistent for the jury to conclude that excessive force was used, and not to award damages for the undisputed injuries. Here, as in *Gibeau* and unlike *Wheatley*, there is no question that force was used against the plaintiff, and the officers so testified. The jury was asked to determine when and whether the force crossed the threshold of excessiveness and, if it did, whether that force caused compensable injuries that the plaintiff had proved. As in *Gibeau*, the jury reasonably concluded that there was excessive force but that no compensable injuries were caused by the use of such force.

## II.

■ The plaintiff has also moved for attorney's fees under 42 U.S.C. § 1988, which provides, with regard to § 1983 and other civil rights statutes, that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). To determine a party's eligibility for a fee award, a court must first determine whether the party is a "prevailing party" within the meaning of § 1988(b). In *Farrar v. Hobby*, — U.S. —, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), the Supreme Court held that a plaintiff who is awarded only nominal damages is nonetheless a prevailing party. *Farrar*, — U.S. —, 113 S.Ct. at 573.

■ After a court determines that a party has prevailed, it must award a reasonable fee. In *Farrar*, the Court stated that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Id.* at —, 113 S.Ct. at 574. Therefore, "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id.* at —, 113 S.Ct. at 575 (citations omitted). However, the amount of fees is not conditioned upon and need not be proportionate to an award of money damages. *City of Riverside v. Rivera*, 477 U.S. 561, 576, 106 S.Ct. 2686, 2695, 91 L.Ed.2d 466 (1986).

In *Farrar* the Court found that the reasonable fee when a plaintiff recovers only nominal damages is frequently no fee at all:

> In some circumstances, even a plaintiff who formally "prevails" under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party. As we have held, a nominal damages award does render a plaintiff a prevailing party by allowing him to vindicate his "absolute" right to procedural due process through enforcement of a judgment against the defendant. *Carey*, 435 U.S., at 266, 98 S.Ct., at 1053. In a civil rights suit for damages, however, the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. *Id.*, at 254–264, 98 S.Ct., at 1047–1052. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action "must always be designed 'to compensate injuries caused by the [constitutional] deprivation.'" *Memphis Community School Dist. v. Stachura*, 477 U.S., at 309, 106 S.Ct., at 2544 (quoting *Carey, supra*, 435 U.S., at 265, 98 S.Ct., at 1053) (emphasis and brackets in original). When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, *see Carey, supra*, at 256–257, 264, 98 S.Ct., at 1048–1049, 1052, the only reasonable fee is usually no fee at all.

*Farrar,* —— U.S. at ——, 113 S.Ct. at 575; *see also, LaRouche v. Kezer,* 20 F.3d 68, 71 (2d Cir.1994) ("[W]here a plaintiff recovers only nominal damages, 'the only reasonable fee is usually no fee at all.'") (quoting *Farrar* ).

■ Justice O'Connor, concurring in *Farrar,* set forth three factors that a court may use to determine whether a prevailing party's victory is technical or de minimis in nature, thus warranting a low fee award or no fee award: 1) whether there is a "substantial difference between the judgment recovered and the recovery sought;" 2) "the significance of the legal issue on which the plaintiff claims to have prevailed;"[3] and 3) whether the victory "accomplished some public goal other than occupying the time and energy of counsel, court, and client."[4] *Id.* at ——, 113 S.Ct. at 578.

Some courts have applied these factors to determine whether a plaintiff who recovers nominal damages should receive fees. *See, e.g., Milton v. Des Moines, Iowa,* 47 F.3d 944 (8th Cir.1995) (affirming denial of attorney's fees where plaintiff recovered $1 in compensatory damages against police officer in excessive force case); *Jones v. Lockhart,* 29 F.3d 422 (8th Cir.1994) (awarding attorney's fees to plaintiff who received $1 nominal damages and $1 punitive damages and distinguishing *Farrar* as not involving punitive damages); *Cartwright v. Stamper,* 7 F.3d 106, 108–10 (7th Cir.1993).

■ Applying these factors to this case demonstrates that the plaintiff's victory was not sufficient to merit an award of attorney's fees. An award of attorney's fees is a matter within the trial court's discretion. Taking into consideration the factors set forth in *Farrar,* all of the circumstances of this case, and the appellate court decisions that have

reviewed awards or denials of attorney's fees, I conclude that no fee should be awarded in this case. Here, there was a substantial difference between the judgment recovered and the recovery sought. $10 million was sought and $1 was recovered from one defendant, a staggering difference under any calculation. The plaintiff did not prevail at all on his claim against the other correction officer or on his *Monell* claim against the Department of Correction. The plaintiff prevailed on a significant constitutional claim, but the victory did not accomplish a public goal, because the illegality of the use of excessive force on inmates is already clearly established. This is not a case where a new legal principle was established or where the impact of this case can be extended to send a message to others in the law enforcement community. *See Milton,* 47 F.3d at 946. Moreover, a $1 damage award has virtually no deterrent effect and the imposition of attorney's fees in § 1983 actions is not necessary for deterrence of unconstitutional conduct. *See Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) ("Section 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations.").

The plaintiff invites the Court to use the threat of large attorney's fees as a means to encourage municipal defendants to settle similar cases out of a concern that they may have to pay fee awards even when they would not have to pay significant damages. That is an invitation to use the threat of attorney's fees for an impermissible purpose. Cases should be settled within the confines of the remedies that the law provides. A case in which $1 of nominal damages is properly awarded should not have a settlement value

---

**3.** *See Cartwright v. Stamper,* 7 F.3d 106, 110 (7th Cir.1993) ("This factor looks not at the relief obtained but to the extent the plaintiffs succeeded on their theory of liability.").

**4.** *See, e.g., Cabrera v. Jakabovitz,* 24 F.3d 372, 393 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 205, 130 L.Ed.2d 135 (1994); *Koopman v. Water District No. 1,* 41 F.3d 1417, 1420–21 (10th Cir. 1994); *Wilcox v. City of Reno,* 42 F.3d 550, 555 (9th Cir.1994) ("If a district court chooses to award fees after a judgment for only nominal

damages, it must point to some way in which the litigation succeeded, in addition to obtaining a judgment for nominal damage."); *Dillenbeck v. Hayes,* 830 F.Supp. 673, 675 (N.D.N.Y.1993) (awarding a low fee rather than no fee to plaintiff who recovered nominal damages, because, among other reasons, "[T]he suit established that it is unconstitutional under normal jail conditions for the K–9 patrol to be called in to assist in controlling one inmate who fails to get off of a telephone.").

far in excess of $1 due to the threat of attorney's fees when the Supreme Court has instructed that in such situations "the only reasonable fee is usually no fee at all." *Farrar,* —— U.S. ——, 113 S.Ct. at 575.

The Court's conclusion not to award attorney's fees in this case is reinforced by the Court of Appeals recent decision in *Caruso v. Forslund,* 47 F.3d 27 (2d Cir.1995), where the court reiterated *Farrar's* finding that a court should not usually award attorney's fees in a § 1983 action when the jury has awarded only nominal damages:

> Having been awarded nominal damages on the basis of the defendants' violation of her constitutional rights, Caruso is a prevailing party within the meaning of 42 U.S.C. § 1988. *See Hobby,* [—— U.S. at ——,] 113 S.Ct. at 573. But, because the critical factor in determining the reasonableness of a fee award is "'the degree of success obtained,'" *id.* at [——, 113 S.Ct. at] 574 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)), where a plaintiff recovers only nominal damages, "the only reasonable fee is usually no fee at all." *Id.* at [——, 113 S.Ct. at] 575. Applying these principles, we conclude the district court acted well within its discretion in denying attorney's fees.
>
> The complaint in this case alleged a host of rights violations, but only one claim eventually was submitted to the jury. On that claim, moreover, the jury returned a verdict for no compensatory damages, and the plaintiff obtained nominal damages only by moving for them. Plaintiff thus "fail[ed] to prove ... [a] claim for monetary relief.'" *Id.* (quoting *Carey v. Piphus,* 435 U.S. 247, 256–57, 98 S.Ct. 1042, 1048–49, 55 L.Ed.2d 252 (1978)). Accordingly, there was a sound basis for the district court's conclusion that the only reasonable fee was "no fee at all." *See also Cartwright v. Stamper,* 7 F.3d 106, 109–10 (7th Cir.1993) (no attorney's fees for victory on claim of unreasonable search and seizure where only nominal damages were recovered, broad allegations of con-

spiracy were rejected, and no punitive damages were awarded).

*Caruso,* 47 F.3d at 31.

The decision not to award attorney's fees in this case is based upon an evaluation of all the facts of the case. It does not detract at all, however, from the high level of skill, competence, and dedication of all of the lawyers who so admirably represented the plaintiff. Those lawyers were appointed to represent the plaintiff shortly before trial and represented their client in the highest tradition of the bar.

For the foregoing reasons, the plaintiff's request for attorney's fees is denied.

**SO ORDERED.**