**Feliberto RIVERA, Jr., Plaintiff,**

v.

**T.P. HORTON; C.O. Lucia, Corrections Officer at Coxsackie Correctional Facility; D. Bryne; Sgt. Spath; Supt. Mantello; Thomas A. Capen, Commissioner; Thomas Coughlin; C.O. Henderson, Corrections Officer at Coxsackie Correctional Facility; T. Chase, Sergeant; E. Bly, Corrections Officer, Defendants.**

**Nos. 94–CV–404, 94–CV–405, 94–CV–406 and 94–CV–407.**

United States District Court, N.D. New York.

May 21, 1998.

---

**148**

Dreyer, Boyajian Law Firm, Albany, NY, for plaintiff; John B. Casey, of counsel.

Dennis C. Vacco, Atty. Gen. of State of New York, Albany, NY, for defendants; Amy Schallop, Asst. Atty. Gen., of counsel.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

Before the Court is plaintiff's motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988, and an application by plaintiff's pro bono stand-by trial counsel for reimbursement of his out-of-pocket expenses. For the reasons that follow, plaintiff is awarded attorney's fees in the amount of $0.66, and plaintiff's stand-by counsel shall be reimbursed $1482.04 from the Pro Bono Fund to cover his out-of-pocket expenses.

## I. BACKGROUND

In 1994, plaintiff Feliberto Rivera, Jr. filed four civil rights complaints pursuant to 42 U.S.C. § 1983. The complaints assert claims of excessive force against various officers of the Cocksackie Correctional Facility in New York. Each complaint relates to specific incidents of excessive force involving different individuals.

In 94–CV–404, plaintiff claims that on December 6, 1993, Corrections Officers Horton, St. Lucia, Bryne, and Sergeant Spath intentionally used excessive force against him. In 94–CV–406, plaintiff alleges that on December 10, 1993, Sergeant Chase and Corrections Officer Henderson intentionally used excessive force against him. In 94–CV–405, plaintiff asserts that on January 1, 1994, Sergeant Spath and Corrections Officer Bly intentionally used excessive force against him. Finally, in 94–CV–407, plaintiff claims that between October 1993 and January 1994, Superintendent Mantello failed to investigate his complaints regarding the above incidents and threats of excessive force.

These four cases were consolidated for trial, and a four-day jury trial was held in Utica, New York. At the close of plaintiff's proof, the Court granted defendants' motion pursuant to FED. R. CIV. P. 50 dismissing the action against Superintendent Mantello (94–CV–907). After a day-and-a-half of deliberation, the jury returned verdicts in the remaining three actions.

In 94–CV–404, the jury concluded that Officer Horton intentionally used excessive force against plaintiff on December 6, 1993, but that such force did not proximately cause plaintiff any injury. The jury concluded that Sergeant Spath and Officers St. Lucia and Bryne did not intentionally use excessive force against plaintiff. In 94–CV–406, the jury concluded that Sergeant Chase intentionally used excessive force against plaintiff on December 10, 1993 and that such force proximately caused plaintiff injury. The jury concluded that Officer Henderson did not intentionally use excessive force against

plaintiff. In 94–CV–405, the jury found that Sergeant Spath intentionally used excessive force against plaintiff on January 1, 1994 and that such force proximately caused plaintiff injury. The jury concluded that Officer Bly did not intentionally use excessive force against plaintiff.

In sum, the jury returned verdicts for the plaintiff against two of the defendants (Sergeant Chase, 94–CV–406; Sergeant Spath, 94–CV–405), finding that they used excessive force against plaintiff that proximately caused him injuries. The jury awarded plaintiff only nominal damages of $1.00 against each of these two defendants.

Plaintiff now moves for attorney's fees and costs in the amount of $6,925.90 pursuant to 42 U.S.C. § 1988. Additionally, plaintiff's pro bono stand-by trial counsel seeks reimbursement for his out-of-pocket expenses.

## II. DISCUSSION

### A. Calculation of Reasonable Attorney's Fees

In an action for attorney's fees pursuant to 42 U.S.C. § 1988, the threshold determination is whether plaintiff is a "prevailing party." "Plaintiff[ ] may be considered a 'prevailing party' for attorney fee purposes if [he] succeed[s] on any significant issue in litigation which achieves some benefit the part[y] sought in bringing suit." *Dillenbeck v. Hayes*, 830 F.Supp. 673, 674 (N.D.N.Y.1993), (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 572–74, 121 L.Ed.2d 494 (1992). A party who recovers "any amount" as a nominal damage award is deemed a "prevailing party." *Id.* at 113; *Fassett v. Haeckel*, 936 F.2d 118, 122 (2d Cir.1991).

In the present case, plaintiff is a "prevailing party" under § 1988 because he was awarded nominal damages. The next issue is the amount of a reasonable fee. *Hensley,*

461 U.S. at 433. 42 U.S.C. § 1988 provides for the discretionary award of attorney's fees, in that the court "may" award "reasonable attorney's fees" to the "prevailing party." Traditionally, the reasonable fee for an attorney is calculated by finding the "lodestar" figure (number of reasonably expended hours multiplied by a reasonable hourly rate), and adjusting the resultant figure, as necessary, based on twelve other factors. *See, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 568, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986) (enumerating relevant factors); *Amato v. City of Saratoga Springs*, 991 F.Supp. 62, 65–69 (N.D.N.Y.1998) (applying relevant factors).

The Supreme Court, however, has held that "[w]here recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar*, 506 U.S. at 114 (internal quotations omitted) (citing *City of Riverside*, 477 U.S. at 585 (Powell, J., concurring)). "Having considered the amount and nature of damages awarded, [a] court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness, or multiplying the number of hours reasonably expended . . . by a reasonable hourly rate." *Id.* at 115 (ellipsis original) (internal quotations and citations omitted). "[T]he most critical factor in determining the reasonableness of a fee award is the degree of the success obtained." *Id.* at 114 (internal quotations and citations omitted).

Here, because the jury awarded only nominal damages, the Court will determine a reasonable fee based on plaintiff's degree of success. According to the Complaint, plaintiff sought unspecified monetary compensation for all pain and suffering allegedly caused by defendants. (Complaint, at 2). Plaintiff sought recovery from eight defendants for three different incidents. The jury returned a verdict in favor of plaintiff against two of the eight defendants, awarding one dollar in nominal damages against each.

In gauging plaintiff's degree of success, the Court is guided by the Second Circuit's decision in *McCardle v. Haddad*, 131 F.3d 43

(2d Cir.1997). The *McCardle* court upheld an award of $0.33 in attorney's fees where the plaintiff had recovered a nominal damage award of $1.00 against defendant for an unlawful search. *Id.* at 55. Like the instant case, plaintiff McCardle had sought "compensatory and punitive damages simply 'in an amount th[e] Court shall consider to be just and fair.'" *Id.* at 53 (citing Complaint, at ¶¶ A, B). The *McCardle* court, although acknowledging the difficulty of measuring the "degree of success sought" where no specific amount was claimed, upheld the award of $0.33 because plaintiff had been unable to "establish[ ] her entitlement to more than nominal damages," either for compensatory damages or equitable relief. *Id.* at 54.

In determining the "reasonable amount" of attorney's fees in light of only a nominal award, other courts have similarly awarded *de minimis* amounts. *Hop Wah v. Coughlin,* 1993 WL 133721, at *2 (N.D.N.Y.1993) (awarding no attorney's fees in light of a one dollar nominal damages award); *Haywood v. Koehler,* 885 F.Supp. 624, 629, (S.D.N.Y. 1995) (awarding no attorney's fees where only one dollar in nominal damages awarded), *aff'd,* 78 F.3d 101 (2d Cir.1996); *Pino v. Locascio,* 101 F.3d 235, 238–39 (2d Cir.1996) (reversing lower court's grant of fees based on a lodestar calculation when only nominal damages were awarded). As in *McCardle,* these courts have emphasized that the plaintiffs had failed to achieve the degree of success sought. *Hop Wah,* 1993 WL 133721, at *2 (stating that plaintiff, though "not specifically stat[ing] a dollar amount in his complaint," sought damages for "several claims" yet recovered in relation to only one incident); *Haywood,* 885 F.Supp. at 629 (awarding no attorney's fees where plaintiff sought $10 million from several defendants and recovered only $1 from a single defendant); *Pino,* 101 F.3d at 238–39 (stating that an award of attorney's fees is not appropriate where plaintiff sought $21 million and the

only relief recovered was a $1 nominal damages recovery).

In light of these cases, and most recently the Second Circuit's decision in *McCardle,* this Court finds that $0.66 in attorney's fees is reasonable in the current case. This award reflects one-third of the recovery had by plaintiff.

**B. Reimbursement for Out-of-Pocket Expenses**

Lastly, plaintiff's pro bono stand-by trial counsel has submitted a Pro Bono Fund Voucher for his out-of-pocket expenses. These expenses include the cost of videotaping one deposition ($490.90), travel expenses related to this deposition ($54.00), travel and associated expenses incurred during the four-day trial in Utica ($160.84), and fees and costs for five non-party witnesses ($776.30) [1].

Excepting for a moment the witness fees and costs, out-of-pocket expenses incurred by plaintiff's pro bono stand-by counsel total $705.74. Each individual expense has been adequately documented and the request for reimbursement timely made. Further, the expenses are neither unreasonable nor excessive. The Court therefore directs the Clerk of the Court to reimburse John B. Casey, Esq. in the amount of $705.74 from the Pro Bono Fund.

In an order dated October 20, 1997, the Court directed that witness attendance fees and costs for non-party witnesses shall be paid from the district's pro bono fund. Counsel's request for reimbursement of these fees also has been timely made, and the documentation submitted with this request adequately supports the amount requested. The Court hereby directs the Clerk of the Court to reimburse John B. Casey, Esq. in the additional amount of $776.30 from the Pro Bono Fund to cover the witness fees. The total reimbursement therefore is in the amount of $1482.04.

---

**1.** Counsel has submitted a request for reimbursement of witness fees totaling $767.30, dated February 3, 1998. Attached were copies of checks paid to five witnesses, as follows: Ruth Early, $111.30; (Captain) Edgardo Artuz, $217.90; Pedro Quinones, $222.60; Virginia Winnie, $120.60; and Patricia Tillman, $103.90. The total amount of expense incurred is thus $776.30, rather than the $767.30 requested. The Court will treat Counsel's request as though it had been for the correct (higher) amount.

### III. CONCLUSION

For the reasons stated above, plaintiff is awarded attorney's fees in the amount of $0.66. Further, the Clerk of the Court shall reimburse John B. Casey, Esq. in the amount of $1482.04 from the Pro Bono Fund to cover his out-of-pocket expenses.

**IT IS SO ORDERED.**