**Keith HAYWOOD, Plaintiff–Appellant,**

v.

**Richard KOEHLER, Captain Garcia, Captain Small, Defendants– Appellees.**

**No. 916, Docket 95–2064.**

United States Court of Appeals, Second Circuit.

Argued Jan. 16, 1996.

Decided March 18, 1996.

Stuart M. Altman, New York City (Ira S. Sacks, Fried, Frank, Harris, Shriver & Jacobson, New York City, on the brief), for plaintiff-appellant.

Cheryl Payer, New York City (Paul A. Crotty, Corporation Counsel of the City of New York, Stephen J. McGrath, Masako C. Shiono, New York City, on the brief), for defendants-appellees.

Before: NEWMAN, Chief Judge, MAHONEY and FRIEDMAN,* Circuit Judges.

JON O. NEWMAN, Chief Judge:

This appeal in a lawsuit alleging misconduct by corrections officers primarily concerns the propriety of a jury's award of only nominal damages after finding one officer liable for use of excessive force. Keith Haywood appeals from the January 6, 1995, judgment of the District Court for the Southern District of New York (John G. Koeltl, Judge), awarding him $1 nominal damages against Captain Gonzalo Garcia. *Haywood v. Koehler,* 885 F.Supp. 624 (S.D.N.Y.1995). Haywood also appeals from the District Court's denial of his motion for a new trial on the issue of damages. We conclude, as did Judge Koeltl, that the jury could reasonably have found that Haywood's injuries resulted from the use of force that was not excessive, and that the use of excessive force caused him no compensable injuries. We therefore affirm.

## Background

*The jail episodes.* Haywood's lawsuit stemmed from a July 1989 disturbance at the Bronx House of Detention, where Haywood was incarcerated. When another inmate, Jesus Fernandez, engaged in abusive conduct, a corrections officer radioed for assistance. Captain Garcia and two other officers responded. Fernandez ran into the dayroom, where Haywood and a number of other inmates were present. The officers ordered the inmates to "lock-in," *i.e.,* return to their cells and lock the door, but they refused. As the incident escalated, Captain Garcia and other officers who arrived on the scene restrained the inmates by placing them against the walls with a guard in front of each in-

* Honorable Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

mate, holding a riot baton across the inmate's chest.

An altercation ensued between Haywood and Garcia. Each gave conflicting accounts of the episode. Garcia's account, which the jury was entitled to credit, was that Haywood threatened him with a broom and then punched and kicked him, causing him to fall to the floor. Garcia also testified that in a defensive action he hit Haywood on the arm with a riot baton and hit out repeatedly with his fists. Haywood's version was that, while he was trying to speak with Garcia in an attempt to help restore peace to the dayroom, Garcia struck him in the head with his baton for no reason.

It was undisputed that a short time later, Haywood was escorted out of the dayroom. At that point, a second episode occurred. Haywood testified that another officer, Captain Small, accompanied by others in riot gear, approached him, asked, "Is this the one?" and clubbed Haywood in the mouth with his baton. The two of them fell to the ground and started wrestling. The officers' version was that Haywood broke free in the corridor, encountered Captain Small, and grabbed for Small's baton, at which point the two fell to the ground fighting.

At this point a third episode allegedly occurred. Haywood testified that he was handcuffed, put in an open cell, and beaten and kicked by Garcia and other officers. Captain Small testified that after his struggle with Haywood in the corridor, he could not recall whether he immediately escorted Haywood to the elevator, or whether he first secured Haywood in an open cell. Captain Garcia denied having any contact with Haywood in a cell.

Both Captain Small and Captain Garcia testified that they sustained injuries requiring medical attention from their struggles with Haywood.

Haywood was taken to the hospital, where he remained for six days. An Injury–to–Inmate Report stated that Haywood had a severe headache and laceration of the right earlobe for which he received sutures. A doctor testified that he saw no other evidence of bruising. Haywood testified that he has sustained permanent injuries to his ear, including permanent partial loss of hearing.

*Procedural history.* In a *pro se* complaint, Haywood asserted claims under 42 U.S.C. § 1983 against Captains Garcia and Small for use of excessive force.[1] Defendants counterclaimed for assault and battery. After some discovery by plaintiff, the case was placed on the ready trial calendar in April 1992. In July 1994, the Court ordered appointment of counsel, and a few months before trial, lawyers from the Fried, Frank firm became Haywood's *pro bono* counsel. In response to the request of plaintiff's counsel for additional discovery, the Court permitted three-hour depositions each of Garcia, Small, and another officer.

The District Court partially denied Haywood's *in limine* motion to exclude the prior criminal records of himself and several of his witnesses. All of Haywood's timely prior convictions were admitted except for his conviction for escape, as to which the defendants were permitted to elicit only that there was an additional conviction and the applicable sentence. No details of any convictions could be explored. All of the timely convictions of Haywood's witnesses were ruled admissible, except for one murder and one manslaughter conviction; for those two witnesses, defendants were limited to eliciting the number of felonies on which they were serving sentences and the length of the sentences.

At trial in December 1994, the jury found that Garcia was liable for a violation of Haywood's constitutional rights, declined to award any compensatory damages, and awarded only nominal damages of $1.00. No punitive damages were awarded. The jury also found that Small was not liable, and that Haywood was not liable on defendants' counterclaims.

---

1. The District Court interpreted an additional claim against the Commissioner of New York City Department of Corrections to be a claim of municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), for failing to adequately train corrections officers as to the proper limits on the use of force. This claim was put before the jury, which rejected it.

Haywood filed a motion for a new trial, pursuant to Fed.R.Civ.P. 59, on the ground that the jury's failure to award compensatory damages after finding Garcia liable for use of excessive force was against the weight of the evidence. Judge Koeltl denied the motion in a well-reasoned opinion.

## Discussion

■ A threshold issue arises as to the extent to which Haywood's challenge to the lack of an award of compensatory damages, beyond nominal damages, is reviewable. In the District Court, Haywood alleged that the jury's award of only $1 nominal damages was against the weight of the evidence, and he renews that contention on appeal. Though a "weight-of-the-evidence" contention may be asserted in a district court as a ground for a new trial, see Mallis v. Bankers Trust Co., 717 F.2d 683, 691 (2d Cir.1983), we have recently ruled that the denial of a motion for a new trial on that ground is not reviewable on appeal, see Stonewall Insurance Co. v. Asbestos Claims Management Corp., 73 F.3d 1178, 1199 (2d Cir.1995); cf. Binder v. Long Island Lighting Co., 57 F.3d 193, 202 (2d Cir.1995) (grant of motion for new trial on ground that verdict is against weight of evidence reviewable on appeal from final judgment).

■ Though we may not review the denial of the motion for a new trial to the extent that this denial rejected the claim that the lack of a compensatory award was against the weight of the evidence, we may nevertheless review the ruling to the extent that it rejected the related contention that the undisputed evidence entitled Haywood to a compensatory award as a matter of law. See, e.g., Wheatley v. Beetar, 637 F.2d 863, 865 (2d Cir.1980). A trial court's ruling rejecting a claim that an issue should have been decided in favor of a party as a matter of law is invariably reviewable on appeal from a final judgment. See Calamia v. City of New York, 879 F.2d 1025, 1030–31 (2d Cir.1989). The pending appeal adds a slight complexity since Haywood's matter-of-law contention is that he was entitled to some compensatory damages, rather than any particular amount. If Haywood is right that he is entitled to some compensatory damages as a matter of law, the remedy would not be a precise outcome, as with most matter-of-law rulings, but instead a grant of a new trial (usually limited to the issue of the amount of compensatory damages). See, e.g., Wheatley, 637 F.2d at 868. The fact that ultimate relief could not be determined on appeal, however, does not prevent Haywood from obtaining review of the matter-of-law component of the District Court's denial of the new trial motion, see id. at 865, a matter to which we now turn.

■ Haywood contends initially that the jury's finding that Garcia used excessive force on Haywood necessarily entitles him to an award of some compensatory damages. Stated that broadly, however, his position is untenable, since we have ruled that a finding of excessive force does not, as a matter of law, entitle the victim to an award of compensatory damages. See Gibeau v. Nellis, 18 F.3d 107, 110 (2d Cir.1994). Gibeau recognized that, in the course of an altercation between an inmate and one or more prison officials, both justifiable force and excessive force might have been used, but any injuries—either physical or emotional—might have resulted only from the justifiable force, thereby supporting the denial of an award of compensatory damages. See id. Of course, if it is clear from the undisputed evidence that a plaintiff's injuries were caused by a defendant's use of excessive force, the jury's failure to award some compensatory damages will be set aside and a new trial ordered. See Wheatley, 637 F.2d at 867.

■ Recognizing the distinction between Gibeau and Wheatley, Haywood refines his argument to assert that the undisputed evidence establishes that his injuries resulted from Garcia's use of excessive force. Judge Koeltl carefully considered this contention in his post-trial opinion and rejected it, as do we. What was undisputed was the injury to Haywood's head and ear. The cause of this injury was very much in dispute. Haywood claimed that Garcia, using excessive force, struck him with his baton during the dayroom episode and later punched and kicked him during the cell episode. Garcia contended that he used his

baton in the dayroom only to fend off Haywood and restore order, and that the cell episode, which Haywood had omitted from his initial complaint, never occurred. These conflicting versions permitted the jury to find that Haywood's head injuries were sustained in the dayroom as a result of Garcia's use of reasonable force to restore order, and that, after inflicting the injury, Garcia, in the course of the continuing struggle, used physical force that was excessive but that caused no compensable injuries.[2] As in most trials, and especially in one where participants are giving their accounts of events occurring rapidly and in a highly charged atmosphere, the jurors were not required to accept the entirety of either side's account, but were free to accept bits of testimony from several witnesses and to make reasonable inferences from whatever testimony they credited.

Since the jurors were entitled to resolve the conflicting testimony in a way that permitted them to find that excessive force, though used, did not result in compensable injuries, the award of only nominal damages will not be disturbed. *See Gibeau,* 18 F.3d at 110.

We have considered appellant's additional contentions concerning impeachment of witnesses by prior convictions and allowance of only limited discovery by appointed counsel entering the case after the discovery deadline, and conclude that as to both matters the District Court acted within its discretion.

The judgment of the District Court is affirmed.

---

**2.** We are inclined not to endorse the District Court's further possible explanation that the jury found that the cell episode occurred and excessive force was used during that episode, but also found that whatever physical assault occurred there did not result in compensable injuries. If the cell episode occurred, which Garcia denied, and Haywood, a handcuffed prisoner, was assaulted in a cell in an excessive use of force, as he claimed, such an assault would necessarily warrant some compensatory damages, at least for pain and suffering, even if no lacerations or other observable injuries resulted. *See Wheatley,* 637 F.2d at 866–67.