104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gregory GAYLE, Plaintiff-Appellant,
v.
Walter KELLY, Traviss, C.O., D. Hojnicki, C.O., Attica
Medical Dept., L. Midura, C.O., Attica Medical
Housing Unit, Defendants-Appellants.
 No. 95-2770.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 1
 Appeal from the United States District Court for the Western District of New York.
 
 
 2
 APPEARING FOR APPELLANT: GREGORY GAYLE, PRO SE, OSSINING, NEW YORK
 
 
 3
 APPEARING FOR APPELLEES: ROBERT A. FORTE, ASSISTANT ATTORNEY GENERAL, NEW YORK, NEW YORK
 
 
 4
 W.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before WALKER and LEVAL, Circuit Judges, and STANTON,* District Judge.
 
 
 7
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York (Maxwell, M.J.), and was submitted.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 9
 Plaintiff Gregory Gale's complaint alleged, inter alia, that defendant Hojnicki, a prison guard, violated the Eighth Amendment by using excessive force against plaintiff during an altercation that occurred in Attica Correctional Facility on August 9, 1988. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before a magistrate judge with the right to appeal directly to this court. Following a four-day trial, a jury found Hojnicki and the other defendants not liable, and judgment for defendants was entered on July 6, 1995. On July 7, 1995, plaintiff moved for a new trial pursuant to Federal Rule of Civil Procedure 29 on the ground that the verdict was against the weight of the evidence. On October 26, 1995, the magistrate judge denied the motion.
 
 
 10
 Plaintiff, appearing pro se, appealed from the magistrate judge's order denying plaintiff's motion for a new trial. On August 28, 1996, a panel of this court dismissed certain of plaintiff's claims, and directed appellees to file a supplemental brief on the sole issue of whether the magistrate judge applied an incorrect standard in denying plaintiff's Rule 29 motion. We now consider this issue.
 
 
 11
 A district court's denial of a motion for a new trial made on the ground that the verdict is against the weight of the evidence is generally unreviewable on appeal. Haywood v. Koehler, 78 F.3d 101, 104 (1996). An exception to this rule exists where a party alleges that the district court entertaining the Rule 29 motion applied an incorrect legal standard. See Piesco v. Koch, 12 F.3d 332, 344 (2d Cir.1993). In such a case, we will examine the trial court's legal basis for denying the Rule 29 motion.
 
 
 12
 The standard a district court should apply when considering a motion for a new trial is well-established: a new trial may not be granted unless the district court views the jury's verdict as "seriously erroneous." In making this assessment, a court may "weigh the evidence [itself] and need not view it in the light most favorable to the verdict winner," Bevevino v. Saydjari, 574 F.2d 676, 684 (2d Cir.1978), although the law is clear that when "the resolution of the issues [depends] on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial," Metromedia Co. v. Fugazy, 983 F.2d 350, 361, 363 (2d Cir.1992), cert. denied, 508 U.S. 952 (1993).
 
 
 13
 In the present case, the magistrate judge properly held that a court may grant a new trial only where the jury's verdict is seriously erroneous. Gayle v. Kelly, Case No. 88-CV-972, slip op. at 2 (W.D.N.Y., filed Oct. 26, 1995). However, by stating that a district court considering a new trial motion (1) is to view the evidence in the light most favorable to the nonmoving party; (2) is not to weigh the evidence independently; and (3) shall grant the motion only where there is but one conclusion that reasonable jurors could--but have failed--to reach, id. (citing Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 494 (2d Cir.1995)), the magistrate judge invoked principles associated with the standard of review for a motion for judgment as a matter of law pursuant to Rule 50, rather than for a motion for a new trial pursuant to Rule 59. Compare Fed.R.Civ.P. 50 with Fed.R.Civ.P. 59.
 
 
 14
 Despite this erroneous language, we conclude that the district court applied the correct standard. We rely not only on the magistrate judge's proper reference to the "seriously erroneous" standard, but also on the fact that the magistrate judge plainly based his denial of the new trial motion on his view that there was conflicting testimony as to the details of the alleged assault, and that the jury simply found defendants more credible. Such a conclusion is fully consistent with the requirement that a trial court refrain from granting a new trial motion when witnesses' credibility would have been integral to the jury's resolution of the disputed issues. See Metromedia Co., 983 F.2d at 363. Finally, in the magistrate judge's conclusion, he explained that "[i]n view of the evidence presented, I cannot say that the jury's verdict was clearly against the weight of the evidence," Gayle v. Kelly, Case No. 88-CV-972, slip op. at 3 (W.D.N.Y., filed Oct. 26, 1995), suggesting that he viewed himself as having the authority to evaluate the weight of the evidence without construing such evidence in favor of the nonmoving party.
 
 
 15
 For these reasons, we conclude that the magistrate judge correctly denied plaintiff's motion for a new trial on the ground that the verdict was against the weight of the evidence. Cf. Mallis v. Bankers Trust Co., 717 F.2d 683, 690-91 (2d Cir.1983) (affirming denial of new trial where, although improper factor was plainly considered by district judge, his denial of new trial was not "principally based" on this factor). Accordingly, we are precluded from reviewing on appeal the magistrate judge's denial of the motion, see Haywood, 78 F.3d at 104, and the judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation