# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2560

_____

| | | |
|---|---|---|
| George E. Bailey, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | On Remand from the United States |
| | * | District Court for the District of |
| Marvin T. Runyon, Jr., Postmaster | * | Minnesota. |
| General, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 15, 2000

Filed: August 11, 2000

_____

Before LOKEN, ROSS, and HANSEN, Circuit Judges.

_____

ROSS, Circuit Judge.

George E. Bailey appeals from the district court's denial of his motion for a new trial on damages and  award of nominal damages in his sexual harassment case against the United States Postal Service (the Service).  We affirm.

A jury found in favor of Bailey on his same-sex harassment claim, but did not award damages.  Because the district court granted the Service's motion for judgment as a matter of law (JAML), it did not rule on Bailey's post-trial motion on damages.

On appeal, we reversed the grant of JAML and remanded for consideration of Bailey's motion, noting that the decision to grant a new trial was committed to the district court's discretion. Bailey v. Runyon, 167 F.3d 466, 470 (8th Cir. 1999). We also noted that the Service had indicated that if the case was reversed an award of nominal damages would be appropriate. Id. On remand, the district court denied the motion, holding Bailey's allegations of jury bias were unsupported and the damages verdict was not against the weight of the evidence. The court, however, awarded $1.00 in nominal damages.

The district court did not abuse its discretion. Bailey's argument that the jury's failure to award damages was a result of bias against male same-sex harassment claims is without merit. Bailey does not contend that he has evidence of bias. Instead, he argues bias should be presumed because he knew of no case where a woman who had been sexually harassed by a man had been awarded only nominal damages. However, Bailey has not done his homework. See, e.g., Dhyne v. Meiners Thriftway, Inc., 184 F.3d 983, 986 (8th Cir. 1999) (affirming $1.00 nominal damage award to female who had been sexually harassed by male coworker); Kline v. City of Kansas City, 175 F.3d 660, 668 (8th Cir. 1999) (same), cert. denied, 120 S. Ct. 1160 (2000).

Nor was the jury required to accept Bailey's evidence of emotional harm, as he argues. "An award of damages for emotional distress must be supported by competent evidence of 'genuine injury.'" Forshee v. Waterloo Indus., Inc. 178 F.3d 527, 531 (8th Cir. 1999) (quoting Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978)). Specifically, Bailey had to offer "evidence of the nature and extent of emotional harm caused by the alleged violation." Browning v. President Riverboat Casino-Missouri, Inc, 139 F.3d 631, 636 (8th Cir. 1998). It is true that "[m]edical or other expert evidence is not required to prove emotional distress[,]" and that "'[a] plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in this regard.'" Kim v. Nash Finch Co., 123 F.2d 1046, 1065 (8th Cir. 1997) (quoting Turic v. Holland Hospitality, Inc., 85 F.3d 1211, 1215-16 (6th Cir. 1996)). However,

Bailey was "required 'to convince the trier of fact that [he] actually suffered distress because of the [Title VII violation] itself.'" Price v. City of Charlotte, 93 F.3d 1241, 1250 (4th Cir. 1996), cert. denied, 520 U.S. 1116 (1997). "Conclusory statements give the finder of fact no adequate basis from which to gauge the 'nature and circumstances of the wrong and its effect on the plaintiff.'" Brady v. Fort Bend County, 145 F.3d 691, 719 (5th Cir. 1998) (quoting Carey, 435 U.S. at 264), cert. denied, 525 U.S. 1105 (1999)).; see Forshee, 178 F.3d at 531 (reversing award of damages for emotional distress because plaintiff's testimony lacked specificity). Here, Bailey's evidence "of mental distress is insufficient to support anything more than a nominal damage award." Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 939 (5th Cir.1996), cert. denied, 519 U.S. 1091 (1997).

Bailey's evidence was either conclusory and vague or was effectively impeached. For example, one co-worker testified Bailey had a look of "discomfort" when the name of his perpetrator was mentioned. Another testified that Bailey was "upset" by the harassment. Although Bailey testified that he had seen a counselor and psychiatrist and had been taking medication for depression and anxiety because of the harassment, he did not present medical or psychological testimony in support. While a plaintiff need not provide expert testimony, such testimony is not irrelevant. To the contrary, "this court and others recently have noted the probative value of expert psychological proof regarding causation of the claimant's depression and emotional distress." Jenson v. Eveleth Taconite Co., 130 F.3d 1287, 1298 (8th Cir. 1997) (listing cases), cert. denied, 524 U.S. 953 (1998); see also Price, 93 F.3d at 1254 (corroboration by plaintiff's doctors "aid[s] triers of fact in determining the propriety of awarding compensatory damages for emotional distress, as well as appellate courts in reviewing sufficiency challenges to such awards").

Here, it is understandable why Bailey failed to present the testimony of the counselor or a doctor. On cross-examination, Bailey admitted that during the time he had been harassed he had seen two doctors for a shoulder injury but never told them

about the harassment. He also admitted that he had not seen a counselor until a year after the harassment ended, and when presented with the counselor's assessment report, conceded that it did not mention sexual harassment, but only stated that Bailey had sought help for anxiety in public speaking. Although he introduced a prescription for anti-depressant medication, it was dated almost four years after the harassment. His wife's testimony concerning his alleged emotional distress was also impeached by the report and the prescription since she testified that Bailey had sought counseling and was taking medication because of the harassment. In addition, on cross-examination, Bailey admitted that he had pleaded guilty to giving false information to a police officer, used different birth dates, names, and social security numbers, and had falsified an employment application. Thus, it is not at all surprising that the jury did not believe Bailey's evidence of emotional distress and failed to award compensatory damages.

Bailey also argues that the jury's finding of no damages and the court's award of nominal damages are inconsistent with a finding of harassment, asserting emotional harm is inherent in such a finding.[1] Not only has this court affirmed nominal damage awards in harassment cases, see, e.g., Dhyne, 184 F.3d at 986; Kline, 175 F.3d at 668, we have held that "nominal damages are appropriately awarded where a Title VII [harassment] violation is proved even though no actual damages are shown." Parton v. GTE North, Inc., 971 F.2d 150, 154 (8th Cir. 1992); see also Dean v. Civiletti, 670 F.2d 99, 101 (8th Cir. 1982) (per curiam).[2] Because Bailey suggests we have not

---

[1]In addition to the nominal damage award, the court also awarded attorney fees, which are not challenged.

[2]Parton and Dean were decided under Title VII before it was amended by the Civil Rights Act of 1991. The 1991 amendments, 42 U.S.C. § 1981a, added compensatory and punitive damages relief to the already existing equitable relief and provided for a jury trial if such damages were requested. See Hopkins v. Saunders, 199 F.3d 968, 978 (8th Cir. 1999) (discussing amendment and refusing to extend beyond Title VII the implicit view in Parton and Dean that "nominal damages are equitable in nature"), petition for cert. filed, (U.S. April 25, 2000) (No. 00-47).

expressly addressed his argument, we do so now but reject it. The Equal Employment Opportunity Commission (EEOC) has made clear that "'[e]motional harm will not be presumed simply because the complaining party is a victim of discrimination.'" Vadie v. Mississippi State Univ., No. 98-60784, 2000 WL 890431, at * 8 (5th Cir. July 5, 2000) (quoting EEOC Policy Guidance No. 915.002 § II (A)(2) (July 14, 1992)). As previously stated, "[a]n award of damages for emotional distress must be supported by competent evidence of 'genuine injury.'" Forshee, 178 F.3d at 531 (quoting Carey, 435 U.S. at 264 n.20). Contrary to Bailey's belief, "[t]his proof is wholly unrelated to the proof required to show discrimination." Browning, 139 F.3d at 636.

We have considered Bailey's other arguments and they are without merit. Accordingly, we affirm the court's denial of the motion for a new trial and award of nominal damages.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-5-