Sergio DIAZ RIVERA,
et. al. Plaintiffs

v.

Jose A. RIVERA RODRIGUEZ,
et. al. Defendants

No. CIV. 01–1388 (PGGAG).

United States District Court,
D. Puerto Rico.

Feb. 26, 2003.

Eliezer Aldarondo–Ortíz, Claudio Aliff–Ortíz, Pablo Landrau Pirazzi, Aldarondo and López–Bras Law Office, San Juan, PR, for Plaintiff.

Ismael Rodríguez–Izquierdo, San Juan, PR, Luis Padrón Rosado, Sánchez Betances & Sifre, San Juan, PR, for Defendants.

### ORDER

GELPI, United States Magistrate Judge.

Before the Court is plaintiffs' *Motion for New Trial on the Issue of Damages Regarding Plaintiffs' Cause for Action Predicated on Due Process Violations* (Docket No. 153) and *Defendants' Motion in Reply to Plaintiffs' Motion For New Trial* (Docket No. 157).

In the present case plaintiffs presented two claims under Section 1983 based on their alleged unlawful termination of employment at the Municipality of Gurabo. The Court entered partial summary judgment in plaintiffs' favor regarding the issue of liability as to their due process claim. *See* Order of June 6, 2002 (Docket No. 67). The plaintiffs' second claim of political discrimination was tried before a jury from December 2–23, 2002, along with the damages phase of their due process claim. Ultimately, the jury rendered a verdict against plaintiffs, finding that defendants had not dismissed plaintiffs based on political grounds, and also awarding zero damages for the defendants' violation of plaintiffs' due process rights. *See* Verdict Forms (Docket Nos. 119–150). Notwithstanding, the Court upon entering judgment, awarded each plaintiff one dollar ($1.00) as nominal compensation for their due process claim. *See* Judgment of January 7, 2003 (Docket No. 152). *See*

*also Campos–Orrego v. Rivera,* 175 F.3d 89, 98 (1st Cir.1999) (holding that when a jury finds Section 1983 liability, but fails to award damages, nominal damages are available to plaintiff).

In their *"Motion for New Trial ..."* (Docket No. 153) plaintiffs seek a new trial as to damages arising from the due process violations. The Court notes that plaintiffs timely objected to the jury verdicts. Plaintiffs contend that the jury verdict of zero damages runs overwhelmingly against the weight of the evidence. Particularly, plaintiffs posit that they were entitled to at least the salaries which they would have earned during the 5.4 months remaining in their irregular contracts, excluding adjustments made to account for unemployment and incidental benefits.

"In the federal system, a trial judge does not sit as a super-juror, free to disregard the considered verdict of a properly instructed jury 'merely because he disagrees with it or could have found otherwise in a bench trial'." *Quiñones–Pacheco v. American Airlines, Inc.,* 979 F.2d 1, 3 (1st Cir.1992) (citing *Milone v. Moceri Family, Inc.,* 847 F.2d 35, 37 (1st Cir. 1988)). Rather a judge may order a new trial only where he/she concludes that the verdict, if allowed to stand, will result in a miscarriage of justice. *Quiñones–Pacheco, supra* at 3–4. These postulates apply to a verdict premised on a finding of liability with no compensatory damages. *Id.* at 4. More so, it is not unprecedented for a federal court to uphold a jury's finding of liability but zero damages. *See, e.g., Ruiz–Rodríguez v. Colberg–Comas,* 882 F.2d 15, 17–18 (1st Cir.1989) (jury finding of medical malpractice with zero damages); *Haywood v. Koehler,* 78 F.3d 101, 104–105 (2d Cir.1996) (jury finding of excessive force with zero damages); *Briggs v. Marshall,* 93 F.3d 355, 360 (7th Cir.1996) (same); *Bailey v. Runyon,* 220 F.3d 879, 881–882 (8th Cir.2000) (jury finding of sexual harassment with zero damages); *Jackson and Coker, Inc. v. Lynam,* 840 F.Supp. 1040, 1050 (E.D.Pa.1993) (jury finding of retaliation with zero damages).

In ruling upon a motion for new trial filed pursuant to Fed.R.Civ.P. 59(a) the Court must presume that the jury understood and followed the Court's instructions. *See Briggs, supra* at 360. In the present case the parties did not object to any of the court's instructions to the jury. Relevant to damages for the due process violation were specific instructions on calculating compensatory damages, punitive damages, and mitigation of damages.

Upon careful consideration of the evidence presented at trial, the Court concludes that the jury's resolution of the due process claim in regards to damages was well within its proper province. A reasonable and thoughtful jury could have concluded that certain plaintiffs failed to mitigate their damages by relying exclusively on unemployment and other supplemental benefits when terminated. The Court notes that several plaintiffs testified that they expected the Municipality to re-hire them under a new job proposal. Several plaintiffs testified that they sought other employment following their dismissal, while others testified that they did not seek employment because they were emotionally affected. Finally, some plaintiffs did in fact obtain jobs, or were assisted by relatives. On the other hand, defendants testified that plaintiffs were dismissed due to a fiscal crisis, particularly the fact that the Municipality found itself unable to pay the plaintiffs' salaries. Because the issue of the damages is based entirely on the credibility of the parties' testimony, a jury can choose to either credit or discredit the same accordingly. *See Jackson and Coker, Inc., supra* at 1050.

**WHEREFORE**, plaintiffs' *"Motion for New Trial . . . "* (Docket No. 153) is hereby **DENIED**.

**SO ORDERED.**