**Feliberto RIVERA, Jr., Plaintiff–Appellant,**

v.

**T.P. HORTON, C.O. Lucia, Correctional Officer at Coxsackie Correctional Facility, D. Byrne, SGT. Spath, Supt. Mantello, Thomas A. Capen, Commissioner, Thomas Coughlin, Defendants–Appellees,**

**C.O. Henderson, Correctional Officer at Coxsackie Correctional Facility, T. Chase, Sergeant, E. Bly, Correctional Officer, Consolidated–Defendants–Appellees.**

No. 02–0009.

United States Court of Appeals, Second Circuit.

March 28, 2003.

Feliberto Rivera, Jr., Comstock, NY, pro se.

Marlene O. Tuczinski, Assistant Solicitor General, State of New York, Albany, NY, for Appellees.

PRESENT: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of March, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Feliberto Rivera, Jr. appeals from a decision and order entered on November 23, 2001 in the United States District Court for the Northern District of New York which, *inter alia*, denied his motion for a new trial. Rivera had sought civil damages for injuries resulting from several incidents in which excessive force was allegedly used against him while he was a prisoner at Coxsackie Correctional Institution. The jury found that defendant Horton used excessive force but that it was not the proximate cause of appellant's injuries. The jury also found that defendants Chase and Spath used excessive force against Rivera in two incidents and thereby proximately caused injury, but awarded only nominal damages of one

dollar against each and declined to award punitive damages. Rivera argues that the verdict should be set aside and a new trial ordered because it is clear that Horton's actions were the proximate cause of injuries, and that the jury failed to award sufficient compensation because it inappropriately considered his past criminal conviction.

A denial of a motion for a new trial based on a "weight-of-the-evidence" contention is not reviewable, but we may "review the ruling to the extent that it rejected the related contention that the undisputed evidence entitled [the plaintiff] to a compensatory award as a matter of law." *Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir.1996). In doing so, we review for abuse of discretion. *See Amato v. City of Saratoga Springs, New York*, 170 F.3d 311, 314 (2d Cir.1999).

We have explained that "a finding of excessive force does not, as a matter of law, entitle the victim to an award of compensatory damages.... Of course, if it is clear from the undisputed evidence that a plaintiff's injuries were caused by a defendant's use of excessive force, the jury's failure to award some compensatory damages will be set aside and a new trial ordered." *Haywood*, 78 F.3d at 104. Here, the jury could have reasonably concluded that Horton's excessive force was not the proximate cause of appellant's injury, but that instead Rivera's injuries resulted from Horton's earlier justifiable use of force in restraining Rivera. Similarly, the jury could have reasonably concluded that although Spath and Chase used excessive force that proximately caused Rivera's injuries, Rivera was only entitled to nominal damages. Since there was no testimony as to the extent or severity of Rivera's injuries from the incidents in which the jury found Spath and Chase used excessive force, the jury could reasonably have con-

cluded that Rivera did not suffer a *compensable* injury. Thus, the district court did not abuse its discretion in denying the motion for a new trial.

For the foregoing reasons, the judgment of the district court is AFFIRMED.