**R.R. LOVE, LTD. and James Bernard, doing business as Expansion Union, Plaintiffs–Appellees,**

v.

**TVT MUSIC, INC. and Wax Trax! Records, Inc., Defendants–Appellants,**

**New Line Corporation, American Society of Composers, Authors and Publishers, also known as ASCAP, III Hill Billy's Muzik, Jane and/or John Does, also known as Chylow Parker, Fredro Scruggs, Kirk Jones, Tyrone Taylor, John Doe, Jane Doe, EMI April Music, Inc., Zomba Enterprises, Inc. and 111 Inc., Defendants.**

**No. 06–5597–cv.**

United States Court of Appeals, Second Circuit.

June 24, 2008.

Robert J. Barsch, New York, NY, for Defendants–Appellants.

Lawrence A. Omansky, Law Offices of Lawrence A. Omansky, New York, NY, for Plaintiffs–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. WILLIAM K. SESSIONS III, District Judge.[1]

## SUMMARY ORDER

Defendants–Appellants TVT Music, Inc. ("TVT Music") and Wax Trax! Records, Inc. ("Wax Trax") appeal from an order of the United States District Court for the Southern District of New York (Samuel Conti, *Visiting Judge*), entered on November 6, 2006, denying their motion for a new trial or, in the alternative, modification of the verdict. We assume the parties' familiarity with the relevant procedural history, facts, and issues on appeal.

As a preliminary matter, though the parties apparently believe that TVT Music and Wax Trax made a motion for judgment as a matter of law ("JMOL") pursuant to Rule 50 of the Federal Rules of Civil Procedure below, "[t]here is no provision for a JMOL motion to be made for the first time after trial." *McCardle v. Haddad*, 131 F.3d 43, 50–51 (2d Cir.1997). In fact, the motion, made for the first time

---

**1.** The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

after trial, was simply a motion for a new trial or to modify the judgment, pursuant to Rule 59.

"A district court's decision to grant or deny a motion for a new trial will be reversed only if the trial court's decision was an abuse of discretion. A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *DeFalco v. Bernas*, 244 F.3d 286, 305 (2d Cir.2001) (citations and internal quotation marks omitted), *cert. denied*, 534 U.S. 891, 122 S.Ct. 207, 151 L.Ed.2d 147 (2001). We review the denial of a motion for a new trial to the extent the moving party contends that the undisputed evidence entitled it to a decision in its favor *as a matter of law*. *See Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir.1996). However, "where a district court denies a motion for a new trial made on the ground that the verdict was against the *weight of the evidence*, such a ruling is not reviewable on appeal." *DeFalco*, 244 F.3d at 325 & n. 23 (emphasis added) (internal quotation marks omitted) (explaining that district court's denial of motion for new trial made on ground that damage award was against weight of the evidence is not reviewable).

■ TVT Music and Wax Trax's first argument, that there was no factual or legal basis for holding defendant TVT Music liable, is unpreserved. This argument was not included in the motion for a new trial. Defendants' sole apparent basis for arguing that this challenge was preserved appears to be their assertion that they objected to jury instructions concerning TVT Music's liability; however, we find that those comments were not sufficient to preserve the objection. During the colloquy regarding the jury instructions, counsel never argued that TVT Music should be dismissed from the case or that it should not be listed as a defendant. In fact, when the District Court confirmed that TVT Music would be listed as a defendant, defense counsel remained mute. It is well settled that such a claim cannot be raised for the first time on appeal. *See, e.g., Patrolmen's Benevolent Ass'n of the City of N.Y. v. City of New York*, 310 F.3d 43, 51 n. 5 (2d Cir.2002).

■ TVT Music and Wax Trax's second argument, that the jury "should have accepted" its summary of royalties because it conformed to the contract between plaintiff James Bernard and Wax Trax is plainly unavailing. The District Court's rejection of TVT Music and Wax Trax's argument that the jury's award was not supported by the weight of evidence, is not reviewable on appeal. *See Kerman v. City of New York*, 374 F.3d 93, 122 (2d Cir.2004). Even assuming that TVT Music and Wax Trax challenged the legal sufficiency of the evidence, there was at least some evidence to support the jury's damages award, and thus we must reject the challenge. *See DeFalco*, 244 F.3d at 326. Moreover, while the District Court instructed the jury that it must calculate the damages independently of the summaries submitted by the parties, it also explained that if the jury believed R.R. Love and James Bernard, it could use the plaintiffs' summary of royalties to calculate the damages, and vice versa. TVT Music and Wax Trax did not object to this instruction, and thus have no right to object now. *See Becker v. Poling Transp. Corp.*, 356 F.3d 381, 391 (2d Cir.2004).

TVT Music and Wax Trax's third argument, that the jury's calculation of recoupable expenses was against the weight of evidence, is also plainly unreviewable. *See Kerman*, 374 F.3d at 122. Moreover, even if TVT Music and Wax Trax challenged the legal sufficiency of the evidence, the

94

jury was entitled to reject the calculation of recoupable expenses provided by TVT Music and Wax Trax. TVT Music and Wax Trax's witness provided testimony on the stand that undermined their claim of recoupable expenses, and failed to substantiate the claim.

■ TVT Music and Wax Trax's final argument, that R.R. Love and Bernard's counsel's statements in summation so inflamed the jury as to warrant a new trial, is also unavailing. "Great discretion is to be given the judge who was present throughout the trial and is best able to determine the effect of the conduct of counsel on the jury." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1289 (2d Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990). We note that TVT Music and Wax Trax's objections to certain vulgarities in plaintiffs' counsel's statements were sustained. In addition, TVT Music and Wax Trax did not object to the comment that they stole from R.R. Love and Bernard or that TVT Music and Wax Trax were "liars" and "thieves." Nonetheless, even if an objection to these comments was preserved, and the comments were prejudicial, the District Court properly charged the jury that the attorney's arguments were not evidence, and thus any possible error was thereby cured. *See Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1059 (2d Cir.1990).

We have considered all of the TVT Music and Wax Trax's arguments and find them without merit. Accordingly, the judgment of the District Court is AFFIRMED.