08-3430-cv
Elyse v. Bridgeside Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand ten.

PRESENT:
>             AMALYA L. KEARSE,
>             PETER W. HALL,
>                     *Circuit Judges*,
>             JED S. RAKOFF,[*]
>                     *District Judge.*

_____

Macsen Elyse,

>             *Plaintiff-Appellant*,

>    v.                                                         No. 08-3430-cv

Bridgeside Incorporated, a New York Company, Peter
Brunetti, Edkins Auto Sales, Inc., a New York Company,

>             *Defendants-Appellees*.

_____

For Appellant:                                 MACSEN ELYSE, *pro se*, Roselle,
                                               New Jersey.

---

[*] Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellees:                          ROBERT SGARLATO (DAVID
                                        METH, *on the brief*) Slater and
                                        Sgarlato, P.C., Staten Island, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Macsen Elyse, *pro se*, appeals from a June 2008 decision of the district court, denying his motions to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), or for a partial new trial on the issue of damages, pursuant to Federal Rule of Civil Procedure 59(a). We assume the parties' familiarity with the facts and procedural history of the case.

Elyse principally challenges the district court's denial of his motion for either (1) an alteration or amendment of the judgment to increase the damages award from $18,000.00 to $227,057.96, or (2) a partial new trial on the issue of damages. His motion to increase the damages award was properly denied by the district court on the ground that additur is constitutionally impermissible. *See, e.g., Dimick v. Schiedt*, 293 U.S. 474, 486-88 (1935); *Gentile v. County of Suffolk*, 926 F.2d 142, 155 (2d Cir. 1991); *Crane v. Consol. Rail Corp.*, 731 F.2d 1042, 1046 (2d Cir.), *cert. denied*, 469 U.S. 854 (1984).

Further, although Elyse argues that his motions should have been granted because "the damages verdict goes against the clear weight of the evidence," the weight of the evidence is an argument to the factfinder, not a ground for reversal on appeal, *see, e.g., Ceraso v. Motiva Enterprises, LLC*, 326 F.3d 303, 316-17 (2d Cir. 2003); *Piesco v. Koch*, 12 F.3d 332, 344-45 (2d Cir. 1993); *Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993). Thus, the

district court's denial of a new-trial motion that was based on the weight of the evidence is generally unreviewable, *see*, *e.g.*, *Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir. 1996); *Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.*, 73 F.3d 1178, 1199 (2d Cir. 1995), although a denial is reviewable to the extent that the contention is that the district court applied the wrong legal standard, *see*, *e.g.*, *Piesco*, 12 F.3d at 344.

The district court is authorized to grant a new trial based on the weight of the evidence only if it determines that the jury's verdict was "seriously erroneous," *see*, *e.g.*, *id.* at 344-45, or "a miscarriage of justice," *Sorlucco v. N.Y. City Police Dept.*, 971 F.2d 864, 875 (2d Cir. 1992) (quotation mark omitted) (quoting *Smith v. Lightning Bolt Prods. Inc.*, 861 F.2d 363, 370 (2d Cir. 1988)). In making its determination, however, the court must refrain from invading the province of the jury to evaluate the credibility of the witnesses. *See*, *e.g.*, *Tennant v. Peoria & P.U. Ry. Co.*, 321 U.S. 29, 35 (1944); *Piesco*, 12 F.3d at 345 (district court must "bear[] in mind . . . that [w]here the resolution of the issues depend[s] on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial" (alteration in original) (quoting *Metromedia Co. v. Fugazy*, 983 F.2d 350, 363 (2d Cir. 1992)); *Sorlucco*, 971 F.2d at 875.

We see no application of an erroneous legal standard or other error of law in this case, and the findings of the district court precluded any possible conclusion that the jury's verdict could be viewed as seriously erroneous or a miscarriage of justice. The court found that Elyse essentially sought "to reargue the credibility of plaintiffs' witnesses"; that "there were numerous bases upon which the jury could refuse to accept the opinion of plaintiffs' expert"; and that the verdict "was *not* against the weight of the evidence." *Mada Int'l Auto Auction, Inc. v. Bridgeside*

3

*Inc.*, No. 07 Civ. 286 (BMC), 2008 WL 2414799, at *2 (E.D.N.Y. June 13, 2008) (emphasis added). The denials of Elyse's motions to set aside the verdict and for a new trial are thus not reviewable.

Finally, to the extent that Appellant's brief now challenges the district court's denial of attorney's fees, we are without jurisdiction to review that part of the district court's order because Appellant did not specify in his notice of appeal that he wished to appeal that portion of the district court's order. *See* Fed. R. App. P. 3(c)(1)(B) ("notice of appeal must . . . designate the judgment, order, or part thereof being appealed"); *see also New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007) (per curiam) (holding that appellate jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notice[] of appeal").

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk