*Girbes-Pierce v. City of New York et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

THOMAS GIRBES-PIERCE,

> *Plaintiff-Appellant*,

> v.                                                                      19-1320

CITY OF NEW YORK, POLICE OFFICER CRAIG SIKORSKI, LIEUTENANT IAN RULE,

> *Defendants-Appellees*,

POLICE OFFICERS JOHN DOES, 1-5,

> *Defendants*.

_____

For Plaintiff-Appellant:        STEVEN M. WARSHAWSKY, The Warshawsky Law Firm, New York, NY.

For Defendants-Appellees:        ASHLEY R. GARMAN (Richard Dearing, Ingrid R. Gustafson, *on the brief*), *for* Georgia M. Pestana,

\#

Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Thomas Girbes-Pierce ("Girbes-Pierce") sued the City of New York and New York City Police Officer Craig Sikorski ("Sikorski") and Lieutenant Ian Rule ("Rule") (collectively, "Defendants") under state law and 42 U.S.C. § 1983, alleging that the two officers used excessive force in arresting him. He now appeals from an opinion and order of the U.S. District Court for the Southern District of New York (Cott, *M.J.*), entered on April 9, 2019, denying his motion for a new trial on damages following the jury's determination that Sikorski, but not Rule, used excessive force against Girbes-Pierce by pepper-spraying him after he was already confined, but that Girbes-Pierce was entitled to only one dollar in nominal damages. We review a district court's denial of a Rule 59(a) motion for a new trial by viewing "the evidence in the light most favorable to the nonmoving party, and will reverse only if the trial court's denial of the new trial motion constitutes an abuse of discretion." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998) (internal citations omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

On appeal, Girbes-Pierce argues that the jury award must be set aside and a new damages trial conducted because, on any permissible view of the evidence, he suffered actual, compensable injury stemming from Sikorski's use of pepper spray and is therefore entitled as a matter of law to compensatory, rather than nominal, damages. We are unpersuaded.

2

\#

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins*, 143 F.3d at 102 (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997)). Specifically, as regards the award of nominal damages in an excessive force case, where "the jurors were entitled to resolve the conflicting testimony in a way that permitted them to find that excessive force, though used, did not result in compensable injuries, the award of only nominal damages will not be disturbed." *Haywood v. Koehler*, 78 F.3d 101, 105 (2d Cir. 1996).

Here, the district court correctly determined that there was a permissible view of the evidence that enabled the jury to conclude that the use of pepper spray constituted excessive force, but that Girbes-Pierce did not suffer a compensable injury as a result. As an initial matter, Girbes-Pierce's argument in favor of a *per se* rule that the unlawful use of pepper spray always inflicts actual, compensable injury is unavailing. This Court has long recognized that, in order to obtain compensatory damages, a plaintiff must prove that the use of excessive force was the proximate cause of an actual, compensable injury to the plaintiff. *See, e.g.*, *Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994). Accordingly, "a jury finding of excessive force does not automatically entitle a claimant to compensatory damages as a matter of law"; rather, "[i]n certain circumstances, a jury could reasonably determine that compensatory damages are inappropriate even where excessive force was used." *Amato v. City of Saratoga Springs*, 170 F.3d 311, 314 (2d Cir. 1999) (first citing *Atkins*, 143 F.3d at 103, then citing *Haywood*, 78 F.3d at 104). We have further recognized that a nominal damages award is appropriate where a plaintiff has demonstrated only *de minimis* damages that lack monetary value. *See, e.g.*, *Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018); *Kerman v. City of New York*, 374 F.3d 93, 123 (2d Cir.

#

2004). Nothing in this Court's decision in *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010), which simply recognized that pepper spray generally "has a variety of incapacitating and painful effects," *id.* at 98, such that its use could in some cases underpin a finding of excessive force, absolves Girbes-Pierce of his obligation to demonstrate compensable injury. We therefore decline Girbes-Pierce's invitation to fashion a pepper-spray-specific exception to the well-settled case law regarding the availability of compensatory damages in excessive force cases.

Nor has Girbes-Pierce demonstrated that a nominal damages award was impermissible on the facts of this case. The district court did not abuse its discretion in determining that there was a viable path to the jury's determination that Girbes-Pierce suffered, at most, *de minimis* damages which were non-compensable.[1] Critically, Girbes-Pierce acknowledges that he failed to testify about any injuries attributable to the use of pepper spray, which the jury specified was the sole instance of excessive force in the case. This failure supported an inference by the jury that any effects of pepper spray were inconsequential and lacking in monetary value, such that they did not warrant an award of compensatory damages. In arguing to the contrary, Girbes-Pierce insists that the jury was obligated to accept the testimony of eyewitnesses who observed the purported effects of pepper spray on Girbes-Pierce, such as moaning in pain, as evidence of actual, compensable injury. However, the jury could have permissibly discounted the weight of that testimony based on credibility determinations or otherwise concluded that it demonstrated only *de minimis* injury from the pepper spray, or pain and discomfort stemming from uses of force that the jury deemed reasonable. Girbes-Pierce also makes much of the

---

[1] While Girbes-Pierce accuses the district court of placing "undue weight" on certain evidence, *see* Appellant's Br. at 25, that argument misperceives the district court's obligation at the Rule 59 stage, which was to "examine the record to determine whether it is possible to harmonize the jury's verdict" under "any reasonable view [of the case] that is consistent with the facts and the testimony adduced at trial," *Ali*, 891 F.3d at 65–66.

4

#

medical records he introduced into evidence; however, those records are not inconsistent with a jury determination that the use of pepper spray resulted in no compensable injury. The records demonstrate that Girbes-Pierce received no diagnosis or treatment for pepper spray and that, while he complained of pain from his exposure to pepper spray, the only objective symptom recorded by his treating physicians was "injected conjunctiva," or red eyes. J.A. 548. Given that Girbes-Pierce's credibility was impeached by defense counsel at trial, the jury could have concluded that Girbes-Pierce's own reporting of his symptoms was unreliable and that the absence of any diagnosis or treatment for pepper spray indicated solely injuries that lacked monetary value. That conclusion would have been further bolstered by Girbes-Pierce's mugshot, which showed no visible injuries or effects from pepper spray.[2]

At bottom, Girbes-Pierce is mistaken in arguing that the jury was obligated to accept the record evidence of any effects from pepper spray as unassailable proof of compensable injury akin to the uncontroverted, objective evidence of a physical beating in *Wheatley v. Beetar*, 637 F.2d 863 (2d Cir. 1980). Here, the evidence in the record that Girbes-Pierce experienced some effects from the use of pepper spray, standing alone, did not conclusively demonstrate compensable injury; on the other hand, Girbes-Pierce's failure to reference any effects from pepper spray at trial, as well as the jury's own assessment of his mugshot and medical records, amply supported the conclusion that the pepper spray caused, at most, only *de minimis* injuries. *See Amato*, 170 F.3d at 315 (acknowledging that evidence that permits a jury to form its "own perception of the [plaintiff] during the incident, as well as of the incident itself, could serve to

---

[2] While, as Girbes-Pierce points out, the mugshot was taken several hours after the incident, it was nonetheless probative of the extent to which he was impacted by the pepper spray and could therefore have been permissibly considered by the jury in weighing whether Girbes-Pierce had proven compensable injury, particularly in conjunction with his failure to testify about any pepper-spray-related injuries.

5

#

contradict [the plaintiff's] claims of injury").  In these circumstances, the jury was justified in concluding that, while the use of pepper spray had some effects on Girbes-Pierce, it ultimately did not cause a compensable injury.  Accordingly, the district court correctly determined that Girbes-Pierce fell far short of the demanding showing required to obtain a new trial under Federal Rule of Civil Procedure Rule 59(a).

We have considered Girbes-Pierce's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk